Kozacki v. Knize 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-249-CR
&
No. 10-94-250-CR

Â Â Â Â Â REGINA F. KOZACKI AND
Â Â Â Â Â JAMES V. KOZACKI,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Relators
Â Â Â Â Â v.

Â Â Â Â Â HONORABLE GENE KNIZE, JUDGE,
Â Â Â Â Â 40TH DISTRICT COURT, ELLIS
Â Â Â Â Â COUNTY, TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Respondent
 

 Original Proceeding
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Relators, James and Regina Kozacki, were indicted on June 6, 1994, for engaging in
organized criminal activity. See Tex. Penal Code Ann. Â§ 71.02 (Vernon Supp. 1994). They
have yet to be arraigned on the charges and, indeed, each remains incarcerated in the Ellis County
jail under $75,000 bail. The Kozackis employed attorneys Hal W. Maxwell, II and William P.
Rossini for the limited purpose of seeking a reduction of their bail and, if necessary, of pursuing
a writ of habeas corpus based on excessive bail. The attorneys then filed a motion to reduce bail,
which the court set for a hearing on August 4. However, the court refused to proceed with the
bail-reduction hearing or to allow Maxwell and Rossini to represent the Kozackis at the hearing,
unless the attorneys agreed to represent their clients in the entire criminal proceeding. The
Kozackis filed a second motion to reduce their bail, with the same results. They seek a writ of
mandamus to require respondent, the Honorable Gene Knize, judge of the 40th District Court, to
hold a hearing on the motion to reduce bail and to allow Maxwell and Rossini to represent them
at the hearing. Finding that the Kozackis are clearly entitled to relief from Judge Knize's refusal
to allow Maxwell and Rossini to represent them at the bail-reduction hearing, we conditionally
grant the writ.
AVAILABILITY OF THE WRIT OF MANDAMUS
Â Â Â Â Â Â The Kozackis must satisfy two requirements to demonstrate their entitlement to the
extraordinary relief of mandamus: (1) there must be no adequate remedy at law to redress the
alleged harm; and (2) they must show a clear right to the relief sought. See Buntion v. Harmon,
827 S.W.2d 945, 947 (Tex. Crim. App. 1992). That a remedy at law may technically exist will
not defeat an applicant's entitlement to the writ when the remedy is "so uncertain, tedious,
burdensome, slow, inconvenient, inappropriate or ineffective as to be deemed inadequate." 
Stearnes v. Clinton, 780 S.W.2d 216, 225 (Tex. Crim. App. 1989). Although the second prong
has been formulated as requiring that the act sought to be compelled is "ministerial," the two
statements are the "functional equivalent" of each other. See State ex rel. Holmes v. Third Court
of Appeals, No. 71,764, slip op. at 5 n.6, 1994 WL 135476, *2 n.6 (Tex. Crim. App. April 20,
1994). Under either formulation, mandamus is available to "correct judicial action that ignores
clear, binding precedent" because "[t]rial judges do not enjoy the freedom to ignore the law." 
State ex rel. Healey v. McMeans, No. 71,715, slip op. at 3, 1994 WL 122831, *2 (Tex. Crim.
App. April 13, 1994). As a matter of precedent, consideration of a motion properly filed and
before the court is ministerial. State ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex. Crim.
App. 1987). 
CONSTITUTIONAL RIGHT TO CHOOSE COUNSEL
Â Â Â Â Â Â The Sixth Amendment guarantees a criminal defendant the right to be represented by the
retained counsel he prefers. U.S. Const. amend. VI; Wheat v. U.S., 486 U.S. 153, 108 S.Ct.
1692, 1697, 100 L.Ed.2d 140 (1988). An accused is, in fact, entitled to "counsel of his own
selection, and as many as he may see proper to employ, to defend him." Jackson v. State, 55 Tex.
Crim. 79, 115 S.W. 262, 264 (1908). This right is not absolute, however, but can be overridden
by important considerations relating to the integrity of the judicial process and the fair and orderly
administration of justice. See Wheat, 108 S.Ct. at 1697; Webb v. State, 533 S.W.2d 780, 784
(Tex. Crim. App. 1976) (holding that the right to choose counsel "cannot be manipulated so as
to obstruct the orderly procedure in the courts or to interfere with the fair administration of
justice"). 
Â Â Â Â Â Â However, the court must indulge a presumption in favor of the accused's choice. Wheat, 108
S.Ct. at 1700; Stearnes, 780 S.W.2d at 223. A court cannot overcome the presumption and reject
a defendant's chosen counsel on "[u]nsupported or dubious speculation." Wheat, 108 S.Ct. at
1701 (Marshall, J., dissenting). It can ignore the defendant's choice only when such "drastic
action is necessary to further some overriding social or ethical interest." U.S. v. Collins, 920 F.2d
619, 626 (10th Cir. 1990), cert. denied, 500 U.S. 920, 111 S.Ct. 2022, 114 L.Ed.2d 108 (1991)
(quoting United States v. Hobson, 672 F.2d 825, 828 (11th Cir.), cert. denied, 459 U.S. 906, 103
S.Ct. 208, 74 L.Ed.2d 166 (1982)). Therefore, when a trial court unreasonably or arbitrarily
interferes with the right to choose counsel, its denial rises to the level of a constitutional violation. 
Collins, 920 F.2d at 625. Whether the court has abused its discretion, and thus acted
unreasonably or arbitrarily, must be gleaned from the facts and circumstances of each particular
case. See Wheat, 108 S.Ct. at 1700.
TRIAL COURT'S CONSIDERATIONS
Â Â Â Â Â Â Judge Knize, who appeared and presented oral argument at the hearing on the petitions for
mandamus, reiterated the reasons why he refused to allow Maxwell and Rossini to represent the
Kozackis at the bail-reduction hearing. His reasons, which pertain to considerations relating to
efficient judicial administration, generally coincide with those attributed to him in the affidavits
filed by the parties. Evidently, as an informal rule of absolute application in his court, Judge
Knize will not permit any attorney to appear for and represent any criminal defendant in any
portion of a proceeding unless the attorney agrees to represent the client in the entire proceeding. 
Thus, because Maxwell and Rossini filed a notice of limited appearance, Judge Knize refused to
allow them to appear on behalf of the Kozackis. Consequently, he likewise refused to hold the
bond-reduction hearing.
Â Â Â Â Â Â Judge Knize explained that his rule is designed to prohibit a criminal defendant from "piece
mealing" his legal representation. His concern is that, by allowing a criminal defendant to hire
multiple counsel with such limited authority that the court and the district attorney's office does
not know with whom to deal, a defendant could effectively thwart the ability of the court to
expeditiously manage its docket and administer justice.
MERITS OF THE CLAIM
Â Â Â Â Â Â The Kozackis seek two forms of relief: (1) an order compelling Judge Knize to hold a hearing
on their motions to reduce their bail and (2) an order compelling Judge Knize to allow Maxwell
and Rossini to represent them at that hearing without committing to represent them for the entire
criminal proceeding. On the first claim, the Kozackis have a clear right to relief. Once properly
filed and presented, the court does not have the option of refusing to hold a hearing on their
motions to reduce bail. See Gray, 726 S.W.2d at 128. Thus, the writ will conditionally issue
contingent on Judge Knize's continued refusal to hold a hearing on the motions to reduce bail.
Â Â Â Â Â Â The second request goes to the application of Judge Knize's local rule of court. The effect
of such an absolute rule is to abrogate the constitutional right of defendants to choose counsel,
except for legal representation in the entire criminal proceeding. This effectively precludes their
choosing counsel, with or without specialized skills, to represent them only in a particular portion
of the proceeding, such as at a hearing on a motion to suppress or, in this instance, at a bail-reduction hearing. We believe the Sixth Amendment broadly protects this right, and that the trial
court, as in other cases, can override their choice only for important considerations relating to
integrity of the judicial process and the fair and orderly administration of justice. 
Â Â Â Â Â Â Judge Knize paints a scenario which, if circumstances developed as he envisioned, might
justify his limiting the right of an accused to employ counsel for piece-meal representation. 
However, so far as the facts of this case are concerned, his concerns are based on unsupported
speculation. Neither he nor the district attorney could point to any demonstrable evidence that,
if Maxwell and Rossini were allowed to make a limited appearance, such would actually
thwartâor create a serious potential of thwartingâthe court in controlling its docket in general
or in expediting this case in particular. See Wheat, 108 S.Ct. at 1700. "In judicial administration
. . . there should be no absolutes." U. S. ex rel. Carey v. Rundle, 409 F.2d 1210, 1215 (3rd Cir.
1969), cert. denied, 397 U.S. 946, 90 S.Ct. 964, 25 L.Ed.2d 127 (1970). Judge Knize's informal
rule of absolute application violates this general principle of judicial administration and, if allowed
to continue, will operate to violate the Kozackis' right to representation by counsel of choice. 
Thus, the Kozackis have shown that they are clearly entitled to the relief sought. The writ will
issue only if Judge Knize continues to refuse to allow Maxwell and Rossini to appear for the
limited purpose of the bail reduction hearing. 
Â Â Â Â Â Â We conditionally grant the Kozackis' petitions for a writ of mandamus. We assume that Judge
Knize will promptly conduct the hearing and allow Maxwell and Rossini to appear on the
Kozackis' behalf. The writ will issue only if Judge Knize fails to promptly conduct the hearing
on the motions to reduce bail or if he refuses to allow Maxwell and Rossini to appear for the
limited purpose of the bail reduction hearing.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM Â 

Before Chief Justice Thomas,
Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Justice Vance
Writ of mandamus conditionally granted
Opinion delivered and filed September 13, 1994
Publish 




lass=term1>discretionary review.  Id.; see
also Ex parte Owens, 206 S.W.3d 670, 673-74 (Tex.
Crim. App. 2006); Villanueva, 209 S.W.3d at 249.Â 
We grant counselÂs motion to withdraw, effective upon counselÂs compliance with
the aforementioned notification requirement as evidenced by Âa letter [to this
Court] certifying his compliance.ÂÂ  See Tex. R.
App. P. 48.4.

Â 

REX D. DAVIS

Justice

Â 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

(Chief Justice Gray concurs in the
judgment to the extent it grants the motion to withdraw and affirms the
judgment of the trial court.Â  He does not join the opinion.Â  A separate opinion
will not issue.)

Affirmed

Opinion
delivered and filed October 28, 2009

Do
not publish

[CR25]

Â 









[1] We note that trial counselÂs failure to
object to the possible prosecutorial misconduct does not arguably support an appeal asserting ineffective
assistance of counsel because the appellate record in this case does not
evidence the reasons for trial counselÂs conduct, and because the possible
deficiency could have been the subject of trial strategy not revealed by the
record.Â  See Jones v. State, 170 S.W.3d 772, 776-77 (Tex.
App.ÂWaco 2005, pet. refÂd).