Petition
for Writ of Mandamus Denied and Memorandum Opinion filed November 3, 2009.

                                         

In
The

Fourteenth
Court of Appeals



NO. 14-09-00843-CR



 

In Re John Whitson,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM
 OPINION

On October 07, 2009, relator, John Whitson, filed a
petition for writ of mandamus in this Court.  See Tex. Gov’t Code Ann.
§22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In the petition,
relator asks this Court to compel the Honorable Jim Wallace, presiding judge of
the 263rd District Court of Harris County, to grant relator’s motion for “nunc
pro tunc” and his motion for appointment of counsel in an unspecified
underlying proceeding.  

As an initial matter, relator’s petition does not
comply with the Texas Rules of Appellate Procedure.  See Tex. R. App. P.
20.1 (requiring party to file affidavit of indigence to proceed in appellate
court without advance payment of costs); Id. 52.7(a)(1) (requiring
relator to file certified or sworn copy of every document that is material to
his claim for relief and that was filed in any underlying proceeding). 
Notwithstanding these deficiencies, relator cannot prevail on his request for
mandamus relief.

To be entitled to mandamus relief, a relator must
show that he has no adequate remedy at law to redress his alleged harm, and
that what he seeks to compel is a ministerial act, not involving a
discretionary or judicial decision.  State ex rel. Young v. Sixth Judicial
Dist. Court of Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007)
(orig. proceeding).  Consideration of a motion that is properly filed and
before the court is a ministerial act.  State ex rel. Curry v. Gray, 726
S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding) (op. on reh’g). 
However, the trial court generally has no ministerial duty to rule a certain
way on such motion.  State ex rel. Young, 236 S.W.3d at 210.  Here, the
trial court’s ruling on either the motion for “nunc pro tunc” or the motion for
the appointment of counsel will involve a discretionary or judicial decision. 
Therefore, we cannot compel the trial court to grant relator’s motion for “nunc
pro tunc” or his motion for the appointment of counsel.

Relator has not established his entitlement to the
extraordinary relief available through a writ of mandamus.  Accordingly, we
deny relator’s petition. 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Chief Justice Hedges and Justices Seymore
and Sullivan.

Do Not Publish — Tex. R. App. P. 47.2(b).