Petition for Writ of Mandamus
Denied and Memorandum Opinion filed March 15, 2011.

 

 

In The

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00157-CR

____________

 

IN RE CHARLES RAY WALTON, Relator

 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

337th District Court

Harris County, Texas

Trial Court Cause No. 1031750-A




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N

            On March 1, 2011, relator Charles Ray Walton filed a petition
for writ of mandamus in this court.  See Tex. Gov’t Code § 22.221; see
also Tex. R. App. P. 52.  In his petition, relator, who is appearing pro
se and in forma pauperis, complains that respondent, the Honorable Herb
Ritchie, presiding judge of the 337th District Court of Harris County, has
failed to issue a writ of habeas corpus in response to the application filed
pursuant to article 11.07 of the Texas Code of Criminal Procedure.[1]  See Tex. Code Crim. Proc.
art. 11.07, § 3.   Relator
also complains that respondent has not ruled on various motions that he has
filed related to the writ.

To be entitled to mandamus relief in a criminal case, a
relator must show that he has no adequate remedy at law to redress his alleged
harm, and that what he seeks to compel is a ministerial act, not involving a
discretionary or judicial decision.  State ex rel. Young v. Sixth Judicial
Dist. Court of Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App.
2007) (orig. proceeding).  Consideration of a motion that is properly filed and
before the court is a ministerial act.  State ex rel. Curry v. Gray, 726
S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding).  A relator must
establish the trial court (1) had a legal duty to rule on the motion; (2) was
asked to rule on the motion; and (3) failed to do so.  In re Keeter, 134
S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); In re Villarreal,
96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding) (relator must
show that trial court received, was aware of, and was asked to rule on
motion).  

Only the Texas Court of Criminal Appeals has jurisdiction
over matters related to post-conviction relief from a final felony conviction.  See
Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. 1991); see
also Tex. Code Crim. Proc. Ann. art. 11.07; Board of Pardons &
Paroles ex rel. Keene v. Court of Appeals for Eighth Dist., 910 S.W.2d 481,
483 (Tex. Crim. App. 1995) (holding that article 11.07 provides the exclusive
means to challenge a final felony conviction).  Therefore, we lack jurisdiction
to grant relief related to the trial court’s failure to issue the writ in
response to relator’s post-conviction application for writ of habeas corpus.

In addition, it is relator’s burden to provide this
court with a record sufficient to establish his right to mandamus relief.  Walker
v. Packer, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.3(k),
52.7(a).  Relator has not established that (1) the motions about which he
complains were properly filed, (2) the trial court had a legal duty to rule on
them, and (3) the trial court was asked to rule on them, but failed to do so.  

Accordingly, we dismiss relator’s challenge concerning the
writ of habeas corpus and deny relator’s petition for writ of mandamus.

PER CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Frost and Christopher.

Do Not
Publish — Tex. R. App. P. 47.2(b).  









[1]  Relator was convicted of aggravated sexual assault
of a child and sentenced to forty years in prison.  This court affirmed
appellant's conviction on March 8, 2007.  Walton v. State, No.
14-06-00227-CR, 2007 WL 706582 (Tex. App.—Houston [14th Dist.] 2007, pet. ref’d)
(not designated for publication), cert. denied, 552 U.S. 1283, 128 S.Ct.
1710 (2008).