

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00040-CR

_____

IN RE:   DOUGLAS ALAN DANZER

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Douglas Alan Danzer has filed a petition for writ of mandamus requesting this Court to order the Honorable Robert Newsome, presiding judge of the 8th Judicial District Court of Hopkins County, Texas, to issue an order vacating Danzer's conviction for aggravated sexual assault of a child. The facts, as stated by Danzer in his petition, are as follows. In 1998, Danzer pled guilty to aggravated sexual assault of a child and was placed on deferred adjudication community supervision for ten years.[1] The trial court entered an order on August 20, 2008, extending the deferred community supervision for an additional ten years.[2] On February 4, 2009, the State filed a motion to adjudicate guilt, Danzer pled true to the allegations, and the trial court sentenced Danzer to sixty years' imprisonment on May 1, 2009. This Court affirmed Danzer's conviction on appeal. *Danzer v. State*, No. 06-09-00113-CR, 2010 Tex. App. LEXIS 2810 (Tex. App.—Texarkana Apr. 16, 2010, pet. ref'd) (mem. op.).

To be entitled to mandamus relief, a relator must show that he or she has no adequate remedy at law to redress the alleged harm and that he or she seeks to compel a ministerial act, not

---

[1]The order attached to Danzer's petition specifies Danzer's ten-year community supervision period was "to begin and be effective as of the 13th day of August, A.D., 1998 . . . ." The date of the order, pursuant to a handwritten correction, was August 27, 1998.

[2]The order attached to Danzer's petition states community supervision was extended "PURSUANT TO TEXAS CODE OF CRIMINAL PROCEDURE 42.12, SECTION 12A." The order finds Danzer "has not sufficiently demonstrated a commitment to avoid future criminal behavior" and finds "the release of the defendant from supervision would endanger the public." We note that Section 22A of the Texas Code of Criminal Procedure permits community supervision for certain enumerated offenses to be extended for an additional ten years at "any time during the period of community supervision" upon finding "the defendant has not sufficiently demonstrated a commitment to avoid future criminal behavior and that the release of the defendant from supervision would endanger the public." *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 22A (Vernon Supp. 2010).

2

involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). An act is ministerial if it constitutes a duty clearly fixed and required by law. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding).

Danzer argues his conviction is void and he is entitled to mandamus relief. Danzer contends, because his community supervision period had expired, the trial court lacked authority to extend his deferred adjudication community supervision an additional ten years. It is not necessary for this Court to consider the merits of Danzer's complaints; this Court lacks jurisdiction to grant mandamus relief.[3] The Texas courts have recognized that "the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to TEX. CODE CRIM. PROC. art. 11.07." *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2010). The Texas Court of Criminal Appeals has held a writ of habeas corpus is the exclusive post-conviction remedy even when it is alleged that the conviction is void. *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (concluding court of appeals lacked jurisdiction to grant mandamus relief for void conviction); *In re Snow*, No. 12-10-00132-CR, 2010 Tex. App. LEXIS 6247 (Tex. App.—Tyler Aug. 4, 2010, orig. proceeding) (mem. op.). To the extent Danzer's complaints could be considered an application for a writ of habeas corpus, this

---

[3]Danzer cites numerous civil cases for the proposition that "[m]andamus may be used to set aside a lower court[']s order that is void . . . ."

Court has no original habeas corpus jurisdiction in post-conviction criminal matters. *See* TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004); *Ater*, 802 S.W.2d at 243. We lack jurisdiction to grant mandamus relief.

For the reasons stated, we deny Danzer's petition for writ of mandamus.


Jack Carter
Justice

Date Submitted:     March 16, 2011
Date Decided:       March 17, 2011

Do Not Publish