In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00040-CR

                                                ______________________________

 

 

 

                                              IN
RE:  DOUGLAS ALAN DANZER

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                              Memorandum
Opinion by Justice Carter

                                                                              

                                                                              








                                                     MEMORANDUM 
OPINION

 

            Douglas Alan Danzer has filed a
petition for writ of mandamus requesting this Court to order the Honorable
Robert Newsome, presiding judge of the 8th Judicial District Court of Hopkins
County, Texas, to issue an order vacating Danzer’s conviction for aggravated
sexual assault of a child.  The facts, as
stated by Danzer in his petition, are as follows.  In 1998, Danzer pled guilty to aggravated
sexual assault of a child and was placed on deferred adjudication community
supervision for ten years.[1]  The trial court entered an order on August
20, 2008, extending the deferred community supervision for an additional ten
years.[2]  On February 4, 2009, the State filed a motion
to adjudicate guilt, Danzer pled true to the allegations, and the trial court sentenced
Danzer to sixty years’ imprisonment on May 1, 2009.  This Court affirmed Danzer’s conviction on
appeal.  Danzer v. State, No. 06-09-00113-CR, 2010 Tex. App. LEXIS 2810
(Tex. App.—Texarkana Apr. 16, 2010, pet. ref’d) (mem. op.). 

            To be entitled to mandamus relief, a
relator must show that he or she has no adequate remedy at law to redress the
alleged harm and that he or she seeks to compel a ministerial act, not
involving a discretionary or judicial decision.  State ex
rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  An act is ministerial if it constitutes a
duty clearly fixed and required by law.  State ex rel. Curry v. Gray, 726 S.W.2d
125, 128 (Tex. Crim. App. 1987) (orig. proceeding).

            Danzer argues his conviction is void
and he is entitled to mandamus relief. 
Danzer contends, because his community supervision period had expired,
the trial court lacked authority to extend his deferred adjudication community
supervision an additional ten years.  It
is not necessary for this Court to consider the merits of Danzer’s complaints; this
Court lacks jurisdiction to grant mandamus relief.[3]  The Texas courts have recognized that “the
exclusive post-conviction remedy in final felony convictions in Texas courts is
through a writ of habeas corpus pursuant to TEX. CODE CRIM. PROC. art.
11.07.”  Olivo v. State, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); see also Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp.
2010).  The Texas Court of Criminal
Appeals has held a writ of habeas corpus is the exclusive post-conviction
remedy even when it is alleged that the conviction is void.  Ater v.
Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig.
proceeding) (concluding court of appeals lacked jurisdiction to grant mandamus
relief for void conviction); In re
Snow, No. 12-10-00132-CR, 2010 Tex. App. LEXIS 6247 (Tex. App.—Tyler
Aug. 4, 2010, orig. proceeding) (mem. op.). 
To the extent Danzer’s complaints could be considered an application for
a writ of habeas corpus, this Court has no original habeas corpus jurisdiction
in post-conviction criminal matters.  See Tex.
Gov’t Code Ann. § 22.221 (Vernon 2004); Ater, 802 S.W.2d at 243.  We
lack jurisdiction to grant mandamus relief.

            For the reasons stated, we deny
Danzer’s petition for writ of mandamus.

 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date
Submitted:          March 16, 2011

Date
Decided:             March 17, 2011

 

Do
Not Publish











[1]The
order attached to Danzer’s petition specifies Danzer’s ten-year community
supervision period was “to begin and be effective as of the 13th day of August,
A.D., 1998 . . . .”  The date of the
order, pursuant to a handwritten correction, was August 27, 1998.  

 





[2]The
order attached to Danzer’s petition states community supervision was extended
“PURSUANT TO TEXAS CODE OF CRIMINAL PROCEDURE 42.12, SECTION 12A.”  The order finds Danzer “has not sufficiently
demonstrated a commitment to avoid future criminal behavior” and finds “the
release of the defendant from supervision would endanger the public.”  We note that Section 22A of the Texas Code of
Criminal Procedure permits community supervision for certain enumerated
offenses to be extended for an additional ten years at “any time during the
period of community supervision” upon finding “the defendant has not
sufficiently demonstrated a commitment to avoid future criminal behavior and
that the release of the defendant from supervision would endanger the
public.”  See Tex. Code Crim. Proc.
Ann. art. 42.12, §
22A (Vernon Supp. 2010).  





[3]Danzer
cites numerous civil cases for the proposition that “[m]andamus may be used to
set aside a lower court[’]s order that is void . . . .”