

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. AP-76,594 & AP-76,595

### THE STATE OF TEXAS EX REL. CRAIG WATKINS, Relator

### v.

### THE HONORABLE JOHN CREUZOT, Respondent

### ON PETITIONS FOR A WRIT OF MANDAMUS AND PROHIBITION FROM CAUSE NO. F81-01988-FK IN THE CRIMINAL DISTRICT COURT NO. 4 OF DALLAS COUNTY

**PRICE, J., filed a dissenting opinion.**

### DISSENTING OPINION

In *State ex rel. Lykos v. Fine*,[1] this Court held that the State had a clear right to

mandamus relief because the trial court "act[ed] beyond the scope of [its] lawful authority"[2]

---

[1] 330 S.W.3d 904 (Tex. Crim. App. 2011).

[2] *Id*. at 919.

in conducting a pretrial hearing to determine whether Article 37.071, Section 2 of the Texas Code of Criminal Procedure,[3] our capital sentencing statute, could operate in a constitutional manner as applied to the capital defendant in that case. Today, on authority of *Fine*, the Court likewise holds that the trial court altogether lacked authority to grant a capital defendant's pretrial motion. While I dissented in *Fine*, even accepting its authoritativeness for purposes of *stare decisis*, I now find it distinguishable from the facts of this case. In my view, the trial court had the authority to rule on the defendant's pretrial motion to preclude the death penalty, and the ruling that it made does not seem so manifestly incorrect to me as to be subject to mandamus or prohibition relief. Accordingly, I respectfully dissent.

In *Fine*, the real party in interest was John Edward Green, Jr., a capital defendant in Harris County. In a pretrial motion, he raised a purported "as applied" challenge to the validity of Article 37.071, Section 2. He argued that, under that provision, "innocent people have been and will be" executed in Texas.[4] In a hearing on the motion, Green began to develop testimony to the effect that the type of evidence likely to be adduced in his capital trial was of a kind that has led to the conviction of innocent defendants across the country.[5] The Court held that such evidence is irrelevant to an "as applied" challenge to the death

---

[3] TEX. CODE CRIM. PROC. art. 37.071, § 2.

[4] *State ex rel. Lykos v. Fine, supra*, at 906.

[5] *Id*. at 912.

penalty statute, and that the trial court lacked the authority to hold a hearing for the presentation of such irrelevant evidence.[6] I do not believe this holding is dispositive of the instant matter.

The real party in interest here is Jonathan Bruce Reed, another capital defendant. He does not purport to challenge the constitutionality of Article 37.071 in any way, shape or form. Instead, he argues that the passage of twenty-seven years from the time he was most recently convicted and sentenced to death until his presently scheduled retrial after relief in federal post-conviction habeas proceedings has prejudiced his ability to investigate and present substantial mitigating evidence that once existed that would be relevant to persuade a jury to impose a life sentence. In essence, he asserts that the delay in retrying him, which he maintains is attributable to the State for aggressively opposing his *Batson* claim[7] all these years on appeal, has deprived him of a legitimate defensive posture at the punishment phase of his capital retrial. Whatever the merits of his claim, I fail to see why the trial court lacked the authority to entertain it in a pretrial context.

It seems to me that Reed's claim is almost perfectly analogous to a defendant's pretrial challenge to an indictment on the basis that delay caused by the State's failure to timely investigate and initiate the charges against him prejudiced his ability to mount an effective defense, in violation of his rights under the Due Process Clause of the Fourteenth

---

[6]

*Id.* at 919.

[7]

*Batson v. Kentucky*, 476 U.S. 79 (1986).

Amendment.[8]  The United States Supreme Court has clearly recognized such claims before,[9] as have we.[10]  It is true that the Supreme Court has so far reserved the question whether such claims may be presented and disposed of in a pretrial context.[11]  But the Fifth Circuit has acknowledged that, while such claims might best be carried over to trial so that the degree of prejudice, if any, caused by a pre-indictment delay might become more evident, trial courts certainly have the *authority* to entertain such claims in a pretrial setting, and might appropriately grant relief in extraordinary cases.[12]  In my view, Judge Creuzot had the authority to entertain Reed's analogous motion, predicated on the Due Process Clause, to preclude imposition of the death penalty on account of excessive delay.

Today the Court confidently asserts, as if these propositions were self-evident, that "[t]he adequacy and efficacy of Reed's mitigation case cannot be judged unless he has actually been convicted of capital murder and sentenced to death[,]" and that "[a]ny pretrial

---

[8]

U.S. CONST. amend. XIV, § 1.  *See generally* George E. Dix & John M. Schmolesky, 42 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE §§ 28:33 through 28:38 (3$^d$ ed. 2011).

[9]

*See United States v. Marion*, 404 U.S. 307 (1971);  *United States v. Lovasco*, 431 U.S. 783 (1977);  *United States v. Gouveia*, 467 U.S. 180, 192 (1984).

[10]

*See Spence v. State*, 795 S.W.2d 743, 749-50 (Tex. Crim. App. 1990);  *Ibarra v. State*, 11 S.W.3d 189, 193 (Tex. Crim. App. 1999).

[11]

*United States v. Lovasco*, *supra*, at 788 n.7.

[12]

*United States v. Crouch*, 84 F.3d 1497, 1516 (CA5 1996).  *See also State v. Horner*, 936 S.W.2d 668, 672 (Tex. App.—Dallas 1996, pet. ref'd) (citing *Crouch*);  Dix & Schmolesky, *supra*, § 28:38, at 720 (such claims are "seldom appropriate for resolution in pretrial motions to dismiss").

determination of that mitigation case is necessarily hypothetical and unlikely to fairly reflect reality as it plays out in an actual trial."[13]  It is not at all clear to me, as a categorical matter, that the "adequacy and efficacy" of Reed's mitigation case can never be gauged in the course of a pretrial evidentiary hearing such as Judge Creuzot conducted here.  And while we may question the likelihood that such a pretrial hearing will *typically* suffice to lay a foundation for an accurate determination whether a capital defendant has been prevented from marshaling an effective case for mitigation of the death penalty, I do not think we can say, *categorically*, that it is *impossible*—any more than the Fifth Circuit could categorically say, in the context of a due process claim predicated on pre-indictment delay, that prejudice can simply never be determined without first proceeding to trial.[14]  That it will *often* prove difficult to assess prejudice in a pretrial setting does not mean a trial court lacks all authority to make the attempt.  The Court today goes on to conclude that "there is no basis in Texas law to conduct a pretrial evidentiary hearing to determine the adequacy of a mitigation case in a capital-murder proceeding[.]"[15]  But the Due Process Clause of the Fourteenth Amendment is certainly binding on Texas, and I cannot fathom why due process does not authorize a trial court in a capital murder proceeding to entertain a claim such as Reed's in

---

[13] Majority opinion, at 22.

[14] *United States v. Crouch, supra*.

[15] Majority opinion, at 24-25.

the context of a pretrial motion when it has been held to authorize pretrial litigation of a motion to dismiss an entire criminal prosecution on the basis of prejudice to the defense allegedly caused by inordinate pre-indictment delay.

In order to obtain mandamus/prohibition relief, the State must meet two requirements. First, it must demonstrate that it has no adequate remedy at law.[16] I have no doubt it has done so here, for reasons the Court explained in *Fine*.[17] But second, the State must also show that the trial court has a ministerial duty to rescind its order, *i.e.*, the State has a clear right to the relief it seeks.[18] This I do not believe the State has shown. Deciding whether the instant case presents circumstances so extraordinary as to justify actually precluding the State from seeking the death penalty requires the exercise of a judicial, not a ministerial, function. I cannot say—and the Court today does not convince me—that Judge Creuzot was so glaringly and manifestly wrong to find a due process violation on the facts presented to him that there is only one way he could rationally exercise his judicial function.[19] In short, though we might

---

[16]

*E.g.*, *State ex rel. Young v. Sixth Judicial District Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007); *Simon v. Levario*, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009).

[17]

*State ex rel. Lykos v. Fine*, *supra*, at 912-16.

[18]

*State ex rel. Young v. Sixth Judicial District Court of Appeals*, *supra*; *Simon v. Levario*, *supra*.

[19]

The Court is mistaken to suggest that Judge Creuzot's judicial determination was necessarily dictated or circumscribed by the Fifth Circuit's opinion in *Reed v. Quarterman*, 504 F.3d 465, 484-88 (CA5 2007). *See* Majority opinion, at 12 (declaring that the Fifth Circuit "rejected Reed's same claim in 2007"). In the Fifth Circuit, Reed argued that the twelve-year delay from the time of his 1983 trial until this Court's resolution of his direct appeal in 1995 violated due process in that it

take the view that he was mistaken to grant Reed's motion, if so, it was a mistake of law. "While a trial court has a ministerial duty to rule upon a motion that is properly and timely presented to it for a ruling, in general it has no ministerial duty to 'rule a certain way on that motion.'"[20] Here, the trial court had the authority to rule on Reed's motion, and he had no *ministerial* duty to deny it. For these reasons, I would deny the State's applications for mandamus and prohibition relief. Because the Court instead grants relief, I respectfully dissent.

FILED:    July 27, 2011
PUBLISH

---

somehow prejudiced *the direct appeal itself.* The Fifth Circuit declined to grant a Certificate of Appealability with respect to this claim, as a matter of federal habeas corpus review under the Antiterrorism and Effective Death Penalty Act (AEDPA), because it could find no clear Supreme Court precedent supporting it, as is required to overcome the extraordinary deference that federal courts must pay to state court judgments under the AEDPA. Judge Creuzot owed no such deference to any other judicial entity in deciding the distinct question of whether Reed's due process rights would be violated by allowing the State to seek the death penalty now, some twenty-seven years since he was last convicted and sentenced to death.

[20]
    *State ex rel. Young v. Sixth Judicial District Court of Appeals*, *supra* (quoting *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987)); *Simon v. Levario*, *supra*, at 321 (same).