**Petition for Writ of Mandamus Denied and Memorandum Opinion filed December 4, 2012.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-01061-CR

---

## IN RE JARROW JEFFERSON, Relator

---

### ORIGINAL PROCEEDING
### WRIT OF MANDAMUS
### 232nd District Court
### Harris County, Texas
### Trial Court Cause No. 1263535

---

## M E M O R A N D U M   O P I N I O N

On November 26, 2012, relator Jarrow Jefferson filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Mary Lou Keel, presiding judge of the 232nd District Court of Harris County, to rule on his application for writ of habeas corpus.

This court affirmed relator's conviction for possession of a controlled substance on October 27, 2011. *Jefferson v. State*, No. 14-10-01211-CR; 2011 WL 5118966 (Tex. App.—Houston [14th Dist.] 2011, no pet.). In his petition, relator contends he filed an application for writ of habeas corpus in the convicting court on May 9, 2012, on which the trial court has failed to rule.

This court has jurisdiction to issue writ of mandamus to a district court to consider and rule on a pending application for writ of habeas corpus if (1) relator has asked the trial court to rule on his application, and (2) the trial court either refused to rule or failed to rule on the application within what constitutes a reasonable time, considering all the surrounding circumstances. *See State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App.1987) (orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426–27 (Tex. App.—Houston [1st Dist.] 1992, no pet.). A relator must show that the trial court received, was aware of, and asked to rule on the application. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

Relator did not attach a file-stamped copy of his application demonstrating it is actually pending in the trial court. Further, relator failed to provide the court with evidence that the trial court was asked to rule on his application and refused to do so within a reasonable time considering all the surrounding circumstances. Relator has not established entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM


Panel consists of Justices Seymore, Boyce, and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).