**Petition for Writ of Mandamus Denied and Memorandum Opinion filed December 13, 2012.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-01073-CR

### IN RE JACKIE WILSON, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 97CR1838**

## MEMORANDUM OPINION

Relator Jackie Wilson, an inmate confined in the Institutional Division of the Texas Department of Criminal Justice, filed a *pro se* petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Susan Criss, presiding judge of the 212th District Court in Galveston County, to conduct a hearing and sign a written order concerning the results of post-conviction DNA testing, pursuant to Chapter 64 of the Texas Code of Criminal Procedure.

In 1999, after a jury convicted relator of murder, he was sentenced to sixty years in prison. *See Wilson v. State,* No. 14-99-01077-CR, 2001 WL 726448 (Tex. App.—Houston [14th Dist.] Jun. 28, 2001, pet. ref'd) (not designated for publication). This court affirmed his conviction, and the Texas Court of Criminal Appeals refused his petition for discretionary review. *Id.*

Relator asserts that he requested post-conviction DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. He also asserts that favorable results were obtained for some of the samples tested. He complains in this proceeding that the trial court has not conducted a hearing and issued a written order pursuant to article 64.04 of the Texas Code of Criminal Procedure.

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). A relator must establish the trial court had a legal duty to rule on the motion, was asked to rule on the motion, and failed to do so. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). Although a trial judge has a reasonable time to perform the ministerial duty, that duty generally does not arise until the movant has brought the motion to the trial judge's attention. *In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

Relator has not included with his petition any documentation showing that he has requested the trial court to conduct a hearing and issue a written order pursuant to article 64.04, but the trial court has refused to grant his request. Relator did not include a copy of a motion requesting a hearing with his petition. Relator provided a copy of the State's *reply* to his November 30, *2011,* motion requesting a hearing. According to the State,

relator did not request re-testing of evidence in his motion, but instead, requested a hearing on the results of the DNA testing that was performed before relator's trial. Chapter 64 does not provide a mechanism for a defendant to request a hearing on DNA results from testing done before trial.

Relator has not established that he is entitled to mandamus relief. We deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Frost, Christopher, and Jamison.
Do Not Publish — Tex. R. App. P. 47.2(b).