

# NUMBER 13-13-00064-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE MARK ESTRADA

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Perkes
### Memorandum Opinion Per Curiam[1]

Relator, Mark Estrada, proceeding pro se, filed a petition for writ of mandamus on January 31, 2013, through which he seeks to compel the trial court to conduct a hearing and rule on relator's motion for post-conviction DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure.  *See* TEX. CODE CRIM. PROC. ANN. arts.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

64.01, 64.03 (West Supp. 2012). We deny the petition for writ of mandamus as stated herein.

## I. BACKGROUND

Appellant, was found guilty by a jury of murder. *See Estrada v. State*, No. 13-09-00493-CR, 2011 Tex. App. LEXIS 6059, at *1 (Tex. App.—Corpus Christi Aug. 4, 2011, pet. ref'd) (mem. op. not designated for publication); *see also* TEX. PENAL CODE ANN. § 19.02(b)(1) (West 2003). He was sentenced to life imprisonment in the Texas Department of Criminal Justice—Institutional Division. *See Estrada*, 2011 Tex. App. LEXIS 6059, at *1. This Court affirmed the conviction and the Texas Court of Criminal Appeals refused discretionary review. *See id.* Through this petition for writ of mandamus, relator asserts that he requested post-conviction DNA testing from the trial court pursuant to Chapter 64 of the Texas Code of Criminal Procedure. He complains in this proceeding that the trial court has not conducted a hearing and issued a written order pursuant to article 64.04 of the Texas Code of Criminal Procedure.

## II. MOTION FOR LEAVE

Relator filed a "Motion for Leave to File Writ of Mandamus" along with his petition for writ of mandamus. The Texas Rules of Appellate Procedure no longer require the relator to file a motion for leave to file an original proceeding. *See generally* TEX. R. APP. P. 52 & cmt.; *see also In re Villa of Harlingen*, No. 13-12-00570-CV, 2012 Tex. App. LEXIS 9503, at 4 n.2 (Tex. App.—Corpus Christi Nov. 2, 2012, orig. proceeding) (mem. op.). Accordingly, relator's motion for leave to file his petition for writ of mandamus is dismissed as moot.

### III. Standard of Review

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.*

It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

### IV. Analysis

Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). A relator must establish the trial court had a legal duty to rule on the motion, was asked to rule on the motion, and failed to do so. *In re Keeter*, 134 S.W.3d

3

250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). Although a trial judge has a reasonable time to perform the ministerial duty, that duty generally does not arise until the movant has brought the motion to the trial judge's attention. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

## V. CONCLUSION

Relator has not included with his petition any documentation showing that he has requested the trial court to conduct a hearing and issue a written order pursuant to article 64.04, or that the trial court has refused to grant his request. Thus, the Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. Relator's petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of February, 2013.

4