

# NUMBER 13-13-00224-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**IN RE DARRIN SCOTT**

**On Petition for Writ of Mandamus**.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Perkes**
**Memorandum Opinion Per Curiam[1]**

Relator, Darrin Scott, proceeding pro se, filed a petition for writ of mandamus on April 29, 2013, through which he seeks to compel the trial court to rule on a motion for nunc pro tunc judgment regarding relator's 2007 conviction of the felony offense of delivery of a controlled substance. *See Scott v.* State, No. 13-07-00324-CR, 2008 Tex. App. LEXIS 6172, at *1 (Tex. App.—Corpus Christi Aug. 14, 2008, no pet.) (mem. op.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

not designated for publication) (affirming relator's conviction on direct appeal).  We deny the petition for writ of mandamus as stated herein.

## I. STANDARD OF REVIEW

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision.  *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied.  *See id.*

It is relator's burden to properly request and show entitlement to mandamus relief.  *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").  In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3.  In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief.  *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

## II. APPLICABLE LAW

Consideration of a motion that is properly filed and before the court is a ministerial act.  *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987)

2

(orig. proceeding). A relator must establish the trial court had a legal duty to rule on the motion, was asked to rule on the motion, and failed to do so. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). Although a trial judge has a reasonable time to perform the ministerial duty, that duty generally does not arise until the movant has brought the motion to the trial judge's attention. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

## III. CONCLUSION

Based on the record presented, relator has not established that the trial court had a legal duty to rule on the motion, was asked to rule on the motion, and failed to do so. *See Keeter,* 134 S.W.3d at 252. Thus, the Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. Relator's petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of April, 2013.

3