

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00124-CR

_____

IN RE:  KENNETH RAY VAUGHN

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Relator Kenneth Ray Vaughn has filed a petition for writ of mandamus, wherein he complains the trial court has failed to rule on or respond to motions he claims to have filed.[1] Because Vaughn has not provided this Court with any documentation establishing that any motions were filed in the trial court or brought to that court's attention, we deny the requested relief.

When a petition for writ of mandamus is made, it is the relator's burden to show entitlement to the relief being requested. *See generally Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Relator must file with the petition a certified sworn copy of every document that is material to relator's claim for relief and that was filed in any underlying proceeding and a properly authenticated transcript of any relevant testimony from any underlying proceeding including any exhibits offered in evidence or a statement that no testimony was adduced in connection with the matter complained of. TEX. R. APP. P. 52.7(a).

The standard for mandamus relief articulated by the Texas Court of Criminal Appeals requires the relator to establish that (1) there is no adequate remedy at law to redress the alleged harm, and (2) only a ministerial act, not a discretionary or judicial decision, is being sought. *State ex. rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Due to the nature of this remedy, it is Vaughn's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832

---

[1]Vaughn states in his application that he filed a motion for speedy revocation and motion to dismiss and claims the motions sought relief under Texas Code of Criminal Procedure Article 42.12, Section 21(b).

S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). Vaughn has failed in his obligation to provide this Court with a sufficient record establishing his right to mandamus relief. He has provided no file-marked copies of the motions he purports to have filed with the trial court, has alleged no dates on which such motions were filed, and has provided nothing to this Court showing these motions were presented to and brought to the attention of the trial court.[2]

Vaughn's petition for writ of mandamus relief is denied.

Josh R. Morriss, III
Chief Justice

Date Submitted:     July 3, 2013
Date Decided:       July 5, 2013

Do Not Publish

---

[2]Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987). However, the moving party must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Grulkey*, No. 14-10-00450-CV, 2010 WL 2171408, at *1 (Tex. App.—Houston [14th Dist.] May 28, 2010, orig. proceeding) (mem. op.) (per curiam) (citing *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding)); *see also In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) ("Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling.").