

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00184-CR

_____


IN RE:  OLIVER HART, III


Original Mandamus Proceeding


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

This is an original petition for writ of mandamus. Oliver Hart, III, an inmate in the Texas Department of Criminal Justice Correctional Institutions Division, H.H. Coffield Unit, seeks the issuance of a writ of mandamus directing the 102nd Judicial District Court of Bowie County to either set for trial or dismiss four pending indictments. We deny the requested relief.

In 2004, Hart was arrested and charged with five offenses.[1] In March 2005, Hart was tried in cause number 04F0275-005 (one of the five offenses charged in 2004) and was sentenced to thirty years' confinement. Hart indicates that after jury selection, he absconded and was tried in absentia. Hart was apprehended and arrested in May 2005. At the time of his arrest, Hart indicates that officers located methamphetamine and a shotgun at his residence. According to Hart, formal sentencing in trial court cause number 04F0275-005 took place in May 2006, approximately one year after his arrest.

Hart alleges that he was formally indicted for possession of a controlled substance (found at his residence in May 2005) on August 11, 2006.[2] At that time, Hart remained incarcerated for his conviction in cause number 04F0275-005. However, at some point in 2008, Hart was granted parole on his thirty-year sentence. Thereafter, Hart was tried and convicted for the offense of possession of a controlled substance in cause number 06F0380-005. Hart was sentenced to forty-five years' incarceration in that case. Hart is currently incarcerated.

---

[1]The trial court cause numbers for these offenses are 04F0217-005, 4F0218-005, 04F0555-005, 04F0556-005, and 04F0275-005. Hart indicates that trial court cause numbers 04F0217-005 and 4F0218-005 are state jail felonies and that cause numbers 04F0555-005 and 04F0556-005 are second degree felonies.

[2]This case was assigned cause number 06F0380-005.

Hart claims that although he filed a motion for speedy trial in May 2006, seeking trial settings in cause numbers 04F0217-005, 04F0218-005, 04F0555-005, and 04F0556-005, together with various other motions "to move these prosecutions forward" or to dismiss them, none of these pending matters have been set for trial.[3]  In his pleadings before this Court, Hart contends that his right to a speedy trial has been violated with respect to the above-referenced cause numbers and that the resulting detainers filed with the Texas Department of Corrections on those charges have interfered with certain liberty interests.  Hart further contends that he is losing the possibility that he might receive sentences in the referenced cause numbers at least partially concurrent with the sentence he is currently serving.  Hart asks this Court to issue mandamus to compel the trial court to either set for trial or dismiss the pending indictments.

To be entitled to mandamus relief, a relator must show that he or she has no adequate remedy at law to redress the alleged harm and that he or she seeks to compel a ministerial act not involving a discretionary or judicial decision.  *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). An act is ministerial if it constitutes a duty clearly fixed and required by law.  *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding).

Although Hart's petition is explicit, he has failed to provide this Court with a complete record.  It is the relator's burden to provide this Court with a sufficient record to establish his right to mandamus relief.  *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008,

---

[3]Hart attached a verified copy of the motion for speedy trial to his petition for writ of mandamus; the record does not include the other referenced motions.

3

orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding)); *see* TEX. R. APP. P. 52.3. The record here consists solely of a sworn copy of Hart's motion for speedy trial. The record neither includes sworn copies of the four indictments which are the subject of Hart's request for mandamus relief nor a copy of the trial court's docket sheet indicating the disposition, if any, of those matters. Without this critical information, we are unable to grant the extraordinary relief requested.

For the reasons stated, Hart's petition is denied.

Jack Carter
Justice

Date Submitted: August 28, 2013
Date Decided: August 29, 2013

Do Not Publish