**Petition for Writ of Mandamus Denied and Memorandum Opinion filed December 12, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-01060-CR
### NO. 14-13-01061-CR

## IN RE RONALD DARNELL CEPHUS, JR., Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**232nd District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 998670 & 1009435**

## MEMORANDUM OPINION

On November 25, 2013, relator Ronald Darnell Cephus, Jr. filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Mary Lou Keel, presiding judge of the 232nd District Court of Harris County, to

hear and rule on his motion requesting the trial record for two underlying cause numbers.[1]

Relator alleges that the trial court refused to hear and rule on his motion requesting the trial record in cause numbers 998670 and 1009435 in a timely manner. Relator mailed his motion to trial court on November 4, 2013, requesting that the clerk of the 232nd District Court, Kathy Tickle, or the Harris County District Clerk provide him the trial record in cause numbers 998670 and 1009435 at no cost or, alternatively, loan him the records through the law library at the unit where he is housed. On November 6, 2013, Tickle responded with a form, stating, "Your motion/request to file a writ of habeas corpus to obtain a copy of your complete trial records and an authentic copy of the sworn arrest warrant application was filed with the District Clerk and on 11/12/13 the Court . . . Denied your Motion/Request."[2]

Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding) (op. on reh'g). The record shows that the trial court ruled

---

[1] Relator refers to an "11.05 habeas" he filed with the trial court. From the substance of his petition and the "11.05 habeas," we construe it to be a motion.

[2] The mandamus record also includes a letter relator sent Tickle, clarifying that he wanted a copy of the bill of costs assessed against him in cause numbers 998670 and 1009435. He also requested in the letter that either Tickle or the district clerk prepare a supplemental clerk's record for cause numbers 998670 and 1009435, containing "a detailed itemization of the costs assessed against Cephus." Relator also includes a form from Tickle, stating she had received his letter on November 4, 2013, and "I have included an itemized list of court costs for #1009435. Your other case (998670) was previously dismissed therefore no costs were incurred for that case." The record includes a certified copy of the bill of cost in cause number 1009435, dated November 12, 2013.

on his motion in a timely manner.  Therefore, relator has not shown his entitlement to mandamus relief.

Accordingly, we deny relator's mandamus as moot.


PER CURIAM


Panel Consists of Chief Justice Frost and Justices Boyce and Jamison.
Do Not Publish — Tex. R. App. P. 47.2(b).