**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00043-CR**

_____


**IN RE LAGARY HARRISON**


**Original Proceeding**


**MEMORANDUM OPINION**

Lagary Harrison seeks mandamus relief against the trial court for failing to rule on a motion that was filed in a criminal case long after his conviction was final. We deny mandamus relief.

We affirmed Harrison's conviction for aggravated sexual assault in 2002. *See Harrison v. State*, No. 09-00-372 CR, 2002 WL 1339918, at *1, 6 (Tex. App.—Beaumont June 19, 2002, no pet.). The Court of Criminal Appeals denied Harrison's application for writ of habeas corpus without issuing a written order. *See Ex parte Harrison*, WR-67,318-03 (Tex. Crim. App. Oct. 5, 2011), *available*

1

*at* http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2460870. On December 3, 2013, Harrison filed a petition for writ of mandamus in his long-final criminal case. Through his mandamus petition, Harrison sought to force the prosecutor to respond to Harrison's Open Records Act request for access to the prosecutor's file. *See* Tex. Gov't Code Ann. § 552.028 (West 2012). The prosecutor had refused Harrison's request. *See id.* § 552.028(a)(1). ("A governmental body is not required to accept or comply with a request for information from: (1) an individual who is imprisoned or confined in a correctional facility[.]").

On January 29, 2014, Harrison filed a petition for writ of mandamus in this Court. He contends that the trial court failed in its ministerial duty to rule on Harrison's mandamus petition. Because the trial court is empowered to decide issues over which the court has jurisdiction, "consideration of a motion properly filed and before the court is ministerial." *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding) (op. on reh'g). *Id.* After the trial court loses plenary jurisdiction, the exercise of jurisdiction is limited to specific functions authorized by statute or through the appellate process. *See State v. Holloway*, 360 S.W.3d 480, 484-85 (Tex. Crim. App. 2012) (orig. proceeding). Mandamus relief is not available to compel the trial court to rule on a motion that

is filed after the judgment becomes final. *See, e.g., Rabel v. Grace*, 335 S.W.2d 227, 228 (Tex. Crim. App. 1960) (orig. proceeding).

Harrison's mandamus petition was not filed as an independent suit or as part of a post-conviction procedure in which the trial court has the authority to act. He has not shown that the matter is properly filed and before the trial court. We deny the petition for writ of mandamus.

PETITION DENIED.

PER CURIAM

Opinion Delivered February 19, 2014
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.

3