STATE of Texas ex rel. Hon. Tim CUR-
RY, Criminal District Attorney,
Tarrant County, Applicant,

v.

Honorable Gordon GRAY, Judge
Criminal District Court No. 4
Tarrant County, Respondent.

No. 69262.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 11, 1987.

Don Gladden, Fort Worth, for applicant.

Tim Curry, Dist. Atty. and C. Chris Marshall, Asst. Dist. Atty., Fort Worth, for respondent.

Robert Huttash, State's Atty., Austin, for the State.

### OPINION ON RESPONDENT'S MOTION FOR REHEARING

MILLER, Judge.

On original submission, applicant sought a writ of mandamus in which he requested that this Court order respondent to set aside a pre-trial order. This Court granted applicant's request. Respondent's motion to reconsider our original opinion was then granted. We now withdraw our original opinion and deny the relief sought by applicant.

The following statement of facts is taken from the applicant's brief:

"On March 27, 1975, separate indictments were returned charging defendant Battie with the capital murders of Peggy Hester (cause number 3654A) and John Howard Robinson (cause number 3655A). Both murders were alleged to have occurred on January 13, 1975, in the course of a robbery of Peggy Hester. The cases were lodged in Criminal District Court No. Four of Tarrant County, Texas.

Peggy Hester and John Howard Robinson were killed by separate gunshots fired by Defendant Battie. Hester and

Robinson were shot seconds apart; both were inside the same convenience store. These allegations are established by: (1) the sworn statements in Battie's 'Motion for Court to Reconsider Ruling on Defendant's Plea of Former Jeopardy by Way of Collateral Estoppel,' and (2) Battie's confession, which he introduced at the hearing on that motion....

Battie was tried first for the capital murder of Peggy Hester,.... The trial took place before ... [respondent]. In September of 1975 Battie was convicted of the capital murder and given the death penalty.

The conviction was affirmed by the Court of Criminal Appeals.... *Battie v. State*, 551 S.W.2d 401 (Tex.Cr.App. 1977).... [*Cert. denied*, 434 U.S. 1041 [98 S.Ct. 782, 54 L.Ed.2d 790] (1978). On June 13, 1978, after the capital murder conviction had become final, a new indictment (termed a re-indictment) was returned involving the killing of John Howard Robinson. The re-indictment was transfered to ... [respondent's court]. The re-indictment contained a single count, alleging murder; there was no allegation of capital murder. Omitting the formal language, that re-indictment alleged that Battie did 'intentionally and knowingly cause the death of an individual, John Howard Robinson, by shooting him with a gun.'

On June 15, 1978, Battie appeared before ... [respondent], sitting without a jury, and entered a plea of guilty to the murder charge contained in the re-indictment.... The judge accepted Battie's plea, found him guilty, and set punishment at confinement for 30 years. This plea resulted from a plea agreement, and as part of that agreement the capital murder indictment involving the death of John Howard Robinson, ..., was afterwards dismissed on motion of the state. At the guilty plea hearing ... Battie took the witness stand. The prosecutor asked Battie ... [whether he had committed the murder of Robinson]. Battie's answer under oath was, 'Yes, sir.' Battie was not asked during the plea proceeding whether the murder of Robin-

son did or did not occur during a robbery, nor is there anything else in the transcript of the proceeding to indicate that an issue was made of whether the murder occurred during a robbery. Battie never entered a plea to the capital murder indictment involving the killing of Robinson.... The murder conviction in ... [this murder case] has never been reversed or otherwise set aside.

On September 11, 1981, the United States Court of Appeals for the Fifth Circuit reversed Battie's conviction [sic] for the capital murder of Peggy Hester. *Battie v. Estelle*, 655 F.2d 692 (5th Cir. 1981). The reversal was based on a violation of the rule announced in *Estelle v. Smith*, 451 U.S. 454 [101 S.Ct. 1866, 68 L.Ed.2d 359] (1981).

The State of Texas is presently attempting to re-try Battie on the capital murder charge in ... [the capital murder case] involving the death of Peggy Hester. The State intends to seek the death penalty. The case is pending ... [before respondent].

On April 12, 1983, in ... [Hester's capital murder case], Battie filed a document entitled 'Defendant's Plea of Former Jeopardy by Way of Collateral Estoppel.' In this document Battie argued that the proceedings on the case involving the murder of Robinson ... collaterally estopped the State from seeking the death penalty on the retrial of the case involving the capital murder of Peggy Hester.... He asserted that the conviction on the plea of guilty to the murder of Robinson, coupled with the dismissal of the capital murder indictment in which Robinson had been named as the injured party, amounted to a finding in favor of the accused on the capital punishment penalty issues (deliberateness and future dangerousness). Thus, according to Battie, the Supreme Court's decision in *Ashe v. Swenson*, 397 U.S. 436 [90 S.Ct. 1189, 25 L.Ed.2d 469] (1970), precluded the State from litigating those issues again on the re-trial involving the murder of Hester. [Respondent] denied this motion on December 19, 1983.

On December 23, 1983, Battie filed in the trial court a document entitled 'Motion for Court to Reconsider Ruling on Defendant's Plea of Former Jeopardy by Way of Collateral Estoppel.' This motion was also predicated on *Ashe v. Swenson,* but this time Battie alleged that the plea of guilty to Robinson's murder and the dismissal of the related capital murder indictment constituted a finding in his favor on the guilt/innocence feature of the capital case—i.e., on whether the murder of Robinson occurred in the course of a robbery. He argued that an implicit finding had been made that Robinson was not killed in the course of a robbery, and that since Robinson and Hester were killed under essentially identical circumstances, the State would not be entitled to relitigate that issue when the case involving the Hester murder came up for re-trial. Hence, Battie argued, the re-trial of the Hester case could proceed only as a murder case, not as a capital murder case. On January 5, 1984, [respondent] announced that he was granting Battie's motion and that the State could try the case ... as 'straight murder,' but not as capital murder. [Respondent] said there was '... collateral estoppel by way for former jeopardy under Ashe versus Swenson....' "

In our original opinion, this day withdrawn, the majority found that the doctrine of collateral estoppel was inapplicable to the case. Included in the opinion was the following:

"The conviction for the murder of Robinson was based on an allegation of murder under V.T.C.A. Penal Code, § 19.02, without any allegations of capital murder. No fact issues in the murder case were found in favor of Battie. Thus, Battie as a matter of law could not invoke collateral estoppel against the State from issues litigated in the murder case. Subsequent dismissal of the capital murder indictment for the death of Robinson did not constitute the litigation of any ultimate fact issue and thus did not give rise to any collateral estoppel claim against prosecution for the capital murder of Hester. As a matter of law no issue of collateral estoppel arose from the undisputed facts in this case. We therefore hold respondent was without authority to enter the order that petitioner seeks to have set aside."

In his motion for rehearing, respondent contends that this Court misconstrued the application of the doctrine of collateral estoppel. He argues that the trial court made the correct decision in finding that the doctrine barred the State from seeking the death penalty in a subsequent prosecution.

Although we granted respondent's motion for rehearing on those grounds, we need not address the precise issue he raises. Rather, we find that applicant's request for mandamus should be denied for other reasons. Initially, we find that extraordinary relief is not available under the facts of this case.

■ In order to be entitled to extraordinary relief, the applicant must establish two requirements: that he has no other adequate remedy at law available, and that the act sought to be compelled is purely ministerial, as opposed to discretionary or judicial in nature. See *Wade v. Mays,* 689 S.W.2d 893 (Tex.Cr.App.1985) and *Homan v. Hughes,* 708 S.W.2d 449 (Tex.Cr.App. 1986), and cases cited therein at 452. See also *Whitsitt v. Ramsey,* 719 S.W.2d 333 (Tex.Cr.App.1986), *Berry v. Hughes,* 710 S.W.2d 600 (Tex.Cr.App.1986), *Dickens v. Palmer,* 697 S.W.2d 418 (Tex.Cr.App.1985), *Texas Board of Pardons and Paroles v. Miller,* 590 S.W.2d 142 (Tex.Cr.App.1979), *Ordunez v. Bean,* 579 S.W.2d 911 (Tex. Cr.App.1979), and *State ex rel. Vance v. Routt,* 571 S.W.2d 903 (Tex.Cr.App.1978).

■ With regard to the first requirement, it is clear in the case before us that the State has no other remedy at law available to correct what it perceives as an incorrect ruling by the trial court. See Tex. Const. art V., § 26. Article 44.01, V.A.C.C.P., states that the State shall have no right of appeal in criminal cases. See also *Garcia v. Dial,* 596 S.W.2d 524 (Tex. Cr.App.1980). Thus, applicant established

the first mandamus requirement by virtue of his status as a representative of the State.

■ The second requirement is not, however, so easily shown. An act is "ministerial" if it constitutes a duty clearly fixed and required by law. *Wade,* supra. The duty must be unequivocal, unconditional and present. *City of McAllen v. Daniel,* 147 Tex. 62, 211 S.W.2d 944 (1948).

Moreover, a "ministerial" act is one which is accomplished without the exercise of discretion or judgment. *Wade,* supra. If there is any discretion or judicial determination attendant to the act, it is not ministerial in nature. Nor is a ministerial act implicated if the trial court must weigh conflicting claims or collateral matters which require legal resolution.

■ Examples are helpful in making clear the distinction between ministerial and discretionary acts. Vacating an order is ministerial, see *Homan,* supra, as is forwarding the notice of appeal, see *Dickens,* supra. Issuing process under the direction of a judge is ministerial. *Sharp v. State,* 677 S.W.2d 513 (Tex.Cr.App.1984). Also, issuing or executing capias after mandate has issued is ministerial in nature. *State of Texas ex rel. Curry v. Davis,* 689 S.W.2d 214 (Tex.Cr.App.1984). Last, consideration of a motion properly filed and before the court is ministerial. *White v. Reiter,* 640 S.W.2d 586 (Tex.Cr.App.1982).

Deciding *how* to rule after considering a motion to dismiss, however, is not a ministerial act. See *Wade,* supra. Determining whether to grant an application for probation is considered discretionary, and thus beyond the scope of extraordinary relief. *Washington v. McSpadden,* 676 S.W.2d 420 (Tex.Cr.App.1984). Although the court may be compelled to consider a motion, mandamus or prohibition is not available to require that the judge rule a certain way on that motion. *White,* supra.

In the case before us, respondent made several legal determinations prior to ruling on Battie's "Motion for Court to Reconsider Ruling on Defendant's Plea of Former Jeopardy by Way of Collateral Estoppel." Respondent had to consider the sufficiency of the motion, the facts supporting the motion, and decide whether the law applied to those facts. The particular ruling made on the motion was clearly a discretionary/judicial act, and not an act compelled by law. Thus, the act applicant sought to compel, to-wit: vacation of the pre-trial order in which respondent held that collateral estoppel principles prevented the State from trying a criminal defendant for the offense of capital murder, was not ministerial in nature.

As such, the writ of mandamus was not available to applicant as a vehicle by which this Court could review respondent's actions. We are mindful of the position forced upon the State by the constitutional provision prohibiting appeal by the State, Tex. Const. art. V, § 26, supra. Whether for bad or good, the totality of our law does not contemplate a remedy with which the State may vindicate what it perceives to be error in situations such as this. The law simply does not permit this Court to exercise its extraordinary writ powers *solely* because the State has no other adequate remedy at law. We therefore find that the writ of mandamus was not available to applicant in the facts before us.

As was stated in *Morrow v. Corbin,* 122 Tex. 553, 62 S.W.2d 641 (1933):

"Jurisdiction, it is agreed, includes the power to determine either rightfully or wrongfully. It can make no difference how erroneous the decision may be."

*Id.* at 644–5. If a trial judge has jurisdiction over a particular issue, he is empowered to decide that issue in any way he has authority to do so; however, he cannot be *required,* by extraordinary writ of mandamus or prohibition, to decide that issue "correctly." See also *Holmes v. Denson,* 671 S.W.2d 896 (Tex.Cr.App.1984). This is one reason why extraordinary relief is not available to compel a particular outcome where deciding that outcome involves a discretionary or judicial act. See *Vance,* supra. The law confers the authority to decide upon the judge, and the correctness of his or her decision may not be supervised at every step by appellate courts.

The question is not whether respondent made an incorrect decision regarding the motion. The question is did respondent have the *authority* to rule in any way he believed proper. In the case before us, respondent had the jurisdiction and the complete authority to consider and rule upon the motion presented by Battie regarding collateral estoppel, regardless of the propriety of the actual ruling made.

In sum, we have found that applicant was not entitled to extraordinary relief, and that the original opinion erroneously limited a trial court's authority to dispose of matters properly before it. Applicant's request for extraordinary relief is therefore denied.

McCORMICK and WHITE, JJ., concur in the result.