

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00118-CR
## No. 10-09-00128-CR

## IN RE TERRANCE BRUNSON

## Original Proceedings

## MEMORANDUM OPINION

Terrance Brunson seeks by two mandamus petitions to compel the trial court to grant his motion for judgment nunc pro tunc for pre-sentence jail time credit. The petitions are denied.

Brunson's first petition for writ of mandamus was filed in this Court on April 16, 2009. However, Brunson did not provide a proper proof of service[1] or a certified or sworn copy of every order complained of or any document that is material to his claim for relief. *See* TEX. R. APP. P. 9.5; 52.2; 52.3(k)(1)(A); 52.7. Brunson's second petition was filed in this Court on April 24, 2009. Brunson again did not provide a proper proof of service[2] or a certified or sworn copy of every order complained of or any document that

---

[1] Brunson served the District Clerk rather than the District Judge and did not serve the real party in interest, the State.

[2] This time, Brunson served the District Judge but did not serve the State.

is material to his claim for relief. Traditionally, we would notify Brunson of these deficiencies and allow him the opportunity to correct the problem. However, because we deny the petition on the merits, we use Rule 2 to suspend the operation of the service requirement and record requirement and proceed to a disposition in this proceeding. *See* TEX. R. APP. P. 2.

It appears from the petitions that Brunson, at some point in time, filed a motion nunc pro tunc with the trial court asking for pre-sentence jail time credit. Brunson now requests this Court to compel the trial court to grant the motion nunc pro tunc.[3] We cannot compel the trial court to rule in a certain way. *See State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987).

Accordingly, Brunson's petitions are denied.

Brunson's "Request to Suspend Copy Rules" and "Motion for Leave to Do Writ of Mandamus" are dismissed as moot.[4]

TOM GRAY
Chief Justice

---

[3] In 10-09-00118-CR, Brunson also requests that we compel the trial court to inquire into the delay of the appellate record in his criminal case appeal. The appellate record in case number 10-08-00312-CR has been filed. Further, Brunson has not shown that he presented this request to the trial court and that the court abused its discretion by denying the request. *See In re Southwestern Bell Tel. Co., L.P.*, 226 S.W.3d 400, 402 (Tex. 2007) ("In order to obtain mandamus relief a relator must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal."). *See also In re Minnfee*, No. 07-08-0416-CV, 2008 Tex. App. LEXIS 7982 (Tex. App.—Amarillo Oct. 21, 2008, orig. proceeding) (If the record does not affirmatively show that the trial court was aware of the need to take some action, mandamus to compel the action is improper. Correspondence addressed to the trial court, alone, is inadequate to establish the trial court's awareness of the need to act.).

[4] The Rules of Appellate Procedure were amended in 1997 to eliminate the need for a motion for leave to file the petition. *See* TEX. R. APP. P. 52, Notes and Comments.

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Petitions Denied
Motions dismissed as moot
Opinion delivered and filed May 6, 2009
[OT06]