IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-09-00125-CR

 

In re
Christopher Lynn Cowan

 

 



Original Proceeding

 



MEMORANDUM  Opinion










 

            Christopher Lynn Cowan seeks by
mandamus to compel the trial court to grant his motion for judgment nunc pro
tunc for pre-sentence jail time credit.  The petition is denied.

            Cowan’s petition for writ of mandamus
was filed in this Court on April 23, 2009.  However, Cowan did not provide a proper proof of service.[1]  See
Tex. R. App. P. 9.5.  Further,
Cowan attaches documents which he swears are true and correct.  But Cowan’s
oath does not conform to the unsworn declaration by inmates provision in the
Texas Civil Practice and Remedies Code.  See Tex. Civ. Prac. & Rem. Code Ann. § 132.003 (Vernon 2005). 
Traditionally, we would notify Cowan of these deficiencies and allow him the
opportunity to correct the problems.  However, because we deny the petition on
the merits, we use Rule 2 to suspend the operation of the service and unsworn
declaration requirements and proceed to a disposition in this proceeding.  See
Tex. R. App. P. 2.

            Cowan attached copies of documents to
his petition that were allegedly filed with the trial court.  Those documents
indicate that Cowan filed a motion nunc pro tunc with the trial court asking
for pre-sentence jail time credit.  The copy of the motion is signed and dated January 22, 2009.  Cowan then allegedly filed a “Motion to Take Matter Under Advisement”
which was signed and dated March 14, 2009.  In that document, Cowan gave the trial court seven days to rule on his motion nunc pro tunc.  Cowan now requests
this Court “issue this Writ and require the trial court to enter credits
properly.”  We cannot compel the trial court to rule on Cowan’s motion in a
certain or particular way.  See State ex rel. Curry v. Gray,
726 S.W.2d 125, 128 (Tex. Crim. App. 1987).  

            Accordingly, Cowan’s petition is
denied.  Cowan’s “Motion for Leave to File” is dismissed as moot.[2]

 

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Petition
Denied

Motion
dismissed

Opinion
delivered and filed May 20, 2009

[OT06]









[1]
Cowan served the District Judge but did not serve the real party in interest,
the State.

 





[2] The
Rules of Appellate Procedure were amended in 1997 to eliminate the need for a
motion for leave to file the petition.  See Tex. R. App. P. 52, Notes and Comments.








size:12.0pt;
font-family:Palatino'> 23 S.W.3d at 8.

 

Evidence

The information in this case alleged that Brandon did, “intentionally and knowingly cause bodily injury to Nancy Abell, a member of
defendant’s family or household, by hitting her with a hand or hands, or by
striking her with a picture frame, or by squeezing her neck with a hand or
hands.”

After Nancy’s afternoon and evening of heavy
drinking, she and Brandon argued when he came home and asked her friends to
leave.  She testified that she started the altercation by taking picture frames
off the wall and throwing them at him.  Her injuries were caused when Brandon deflected a picture frame and it bounced back and hit her.  Their ten-year-old son
testified similarly, saying that his mom and dad argued and she threw pictures
at him, with him defending himself.

A neighbor testified that Nancy came to his house
with three of her four children, asking for help and to call 9-1-1, which he
did.  Nancy was crying and nervous, and two of the children were in tears.  The
neighbor saw marks on Nancy’s upper arm and close to her neck that looked line
the impressions of four fingers.  The neighbor’s mother was there and she also
said that Nancy was very upset and crying, but she did not see any bruising on Nancy.  Nancy said that her husband had hit and choked her and broken her telephone.

Sean Romer, a Watauga police officer at the time,
arrived at the scene.  He described Nancy as anxious, and she said she had been
in an argument with her husband, who had hit and assaulted her.  When asked
where she was hurt, Nancy pointed to her head and arms, and Romer saw red marks
on her arm that looked like they were starting to bruise.  He could not see any
head injury because of Nancy’s hair.  Vanessa Hansard, a Watauga public safety
officer, described Nancy as upset and crying.  She told Hansard that Brandon tossed her around the house, choked her, and broke a picture frame over her head,
which caused her pain.  Hansard saw red marks around Nancy’s neck and bruising
on her upper right arm.  Hansard also talked to the ten-year-old son, who said
that his parents were fighting and he saw his father choke his mother and hit
her with a picture frame.

That night Nancy gave a handwritten statement to
the officers, and it was admitted without a limiting instruction.  It states in
pertinent part:

It started out drinking with a friend. . . .  I
left for a couple of hours and I came back.  He called me a . . . and started
choking me in front of the kids!  I tried to go to bed in [my son’s] room [and]
that’s when [he] took the picture frame and hit my head.  I may [have] a bump
on my head.  I walked to the neighbor’s house because I was [too] drunk to
drive to my mom’s to call 911.  My children witnessed everything.  He broke my
cell phone so I couldn’t use it.  He choked my neck, grab[bed] my harms, hit my
head with a picture frame.  He said he would kill me at home or at work.  He
told me to watch my step.

 

At trial Nancy acknowledged that the statement
provided a different version of the facts but said that she wrote the statement
because she was angry and upset and wanted to get Brandon in trouble.  In
effect, Nancy recanted her written statement.

Discussion

            The jury was called on to determine
which of Nancy’s and her son’s versions to believe:  the version in Nancy’s written statement and testified to by the officers and the neighbors, or the
version they testified to at trial.  By finding Brandon guilty, the jury chose
to believe the version of events related by the witnesses on the night of the
offense rather than the version at trial.

            On the record in this case, we must
defer to the jury’s determination concerning what weight to give the contradictory
testimonial evidence.  See, e.g., In re A.B., 133 S.W.3d 869, 873-74 (Tex. App.—Dallas 2004, no pet.); Scugoza v. State, 949 S.W.2d 360, 362-63 (Tex. App.—San Antonio 1997, no pet.); see also Johnson, 23 S.W.3d at 7-8.  Considering all of the evidence in a neutral
light, we find that the jury was justified in finding Brandon guilty.  Watson,
204 S.W.3d at 415.

We overrule Abell’s sole issue and affirm the
trial court’s judgment.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed April 23, 2008

Do
not publish

[CR25]