# NO. 12-10-00033-CR
# NO. 12-10-00034-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN RE: JAMES WILLIAM DAVIS,* *RELATOR* | § § § | *ORIGINAL PROCEEDING* |

---

## *MEMORANDUM OPINION*

In this original proceeding, James William Davis alleges that charges for escape and aggravated assault have been pending against him for over five years. He further alleges that he has made repeated requests for the cases to be tried or dismissed, but has been unsuccessful. Additionally, he has filed two motions in the trial court requesting that the cases be tried or dismissed in light of his Sixth Amendment right to a speedy trial. He contends that the trial court has not ruled on his motions and seeks a writ of mandamus ordering that all pending allegations be dismissed with prejudice.[1]

### District Attorney

A court of appeals has the authority to issue writs of mandamus against a judge of a district or county in the court of appeals district and all writs necessary to enforce its jurisdiction. TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004). In order for a district attorney to fall within our jurisdictional reach, it must be established that the issuance of the writ is necessary to enforce our jurisdiction. *See id.*; *In re Spivey*, No. 10-09-00263-CV, 2009 WL 2643985, at \*1 (Tex. App.–Aug. 26, 2009, orig. proceeding [mandamus denied]) (mem. op.) (holding that appellate court lacked jurisdiction to issue mandamus against district attorney when not necessary to enforce its jurisdiction). Relator has not demonstrated that the exercise of our mandamus authority against the Rains County

---

[1] The respondents are Robert Vititow, District Attorney, Rains County, Texas, and the Honorable Robert Newsom, Judge of the 8th Judicial District Court of Rains County.

District Attorney is necessary to enforce our jurisdiction. Consequently, we have no authority to issue the requested writ.

**Trial Court**

In a criminal case, the relator is entitled to mandamus relief only if he establishes that (1) he has no other adequate legal remedy and (2) under the facts and the law, the act sought to be compelled is purely ministerial. *See State ex rel. Hill v. Fifth Court of Appeals*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding). Consideration of a motion properly filed and before the court is a ministerial act. *Id.* at 927. Although a court may be compelled to consider a motion, mandamus is not available to require that the trial court rule a certain way on that motion. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding).

Here, Relator alleges that the trial court has failed to rule on his motions to try the pending cases or dismiss them in light of his right to a speedy trial. However, he does not request that we direct the trial court to rule on the motions. Instead, he seeks a writ of mandamus directing that "all pending allegations [be] dismissed with prejudice" or that a bench warrant be issued for his immediate trial. Mandamus is not available for this purpose. *See id.*

CONCLUSION

Under the facts of this case, we are without authority to issue a writ of mandamus against the Rains County District Attorney. Therefore, the portion of Relator's petition seeking a writ of mandamus directed to the Rains County District Attorney is *dismissed for want of jurisdiction.* Because mandamus is not available to compel a trial court to rule a certain way on a pending motion, the portion of Relator's petition seeking a writ of mandamus directed to the trial court is *denied*.

**BRIAN HOYLE**
Justice

Opinion delivered February 10, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2
