Petition for Writ of Mandamus
Denied and Memorandum Opinion filed September 13, 2011.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00733-CR

____________

 

IN RE  MICHAEL E. CARTER, Relator

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

   263rd District Court

    Harris County, Texas

Trial Court Cause No. 1171837 

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 

 



M E M O R
A N D U M   O P I N I O N

            On August 25, 2011, relator filed a petition for writ of
mandamus in this court.  See Tex. Gov’t Code Ann. § 22.221 (Vernon
2004); see also Tex. R. App. P. 52.  Relator complains that respondent, the
Honorable L. Jim Wallace, presiding judge of the 263rd District Court of Harris
County, without conducting a hearing, denied his motion for a “temporary loan”
of the record in trial court cause number 1171837 for the purpose of filing an
application for writ of habeas corpus.  Relator asks that we compel the trial
court to either conduct a hearing on his motion or grant his motion.

To be entitled to mandamus relief in a criminal case, a relator must show
that he has no adequate remedy at law to redress his alleged harm, and that what
he seeks to compel is a ministerial act, not involving a discretionary or
judicial decision.  State ex rel. Young v. Sixth Judicial Dist. Court of
Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). 
Consideration of a motion that is properly filed and before the court is a
ministerial act.  State ex rel. Curry v. Gray, 726 S.W.2d 125, 128 (Tex.
Crim. App. 1987) (orig. proceeding).  Thus, a district court may be compelled via mandamus to
consider and rule on a pending motion presented to the court.  Gray, 726 S.W.2d at 128.  Mandamus, however, will not issue
to compel a particular result in a discretionary decision on a motion.  Id.  

Relator’s motion has been heard and ruled on by the trial court.  The ruling
on the motion is within the trial court’s discretion.  See Gray, 726
S.W.2d at 128.

Alternatively, relator requests that we direct the trial court to hold a
hearing on his motion.  Texas Code of Criminal Procedure article 11.07 governs
the procedure for obtaining post-conviction relief from a final felony
conviction. See Tex. Code Crim. Proc.
Ann. art. 11.07 (West Supp. 2010).  Article 11.07 provides no role for the
courts of appeals in this process. See id.  Accordingly, we are without
jurisdiction to order the trial court to conduct a hearing on relator’s motion.  

Because relator has failed to establish his entitlement to the mandamus
relief requested, we deny the petition.



 

                                                                        PER
CURIAM

 

Panel
consists of Justices Brown, Boyce, and McCally.

Do Not
Publish — Tex. R. App. P. 47.2(b).