

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-13-00367-CV**

**IN RE ROBERT TROY MCCLURE**

_____

**Original Proceeding**

_____

**MEMORANDUM OPINION**

_____

Robert Troy McClure filed a Petition for Writ of Mandamus in response to the local administrative judge Kenneth Keeling's inaction on McClure's request for permission to file new litigation. McClure is on the list of vexatious litigants compiled by the Office of the Court Administration of the Texas Judicial System, and he is prohibited from filing any more litigation in Texas courts without prior permission of the appropriate local administrative judge. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101(a) (West Supp. 2013); *see generally* http://www.txcourts.gov/oca/vexatious

litigants.asp.   In this petition, McClure requests that we allow McClure to file his new litigation directly with the Walker County District Court.[1]

With limited exceptions not applicable to this case, "a clerk of a court may not file a litigation, *original proceeding*, appeal, or other claim presented by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the local administrative judge permitting the filing."  *Id*. § 11.103(a) (West Supp. 2013) (emphasis added).  In this case, McClure fails to show that he obtained the permission of the appropriate local administrative judge to file this original proceeding. Further, this is not the mandamus review authorized for the denial of such a request for permission to file.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(f) (West Supp. 2013).

The clerk of this Court notified McClure that he was required to obtain permission from the appropriate local administrative judge to file this original proceeding and gave him 10 days to obtain an order from the appropriate local administrative judge permitting the filing of McClure's petition for writ of mandamus. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.1035(b) (West Supp. 2013).  Ten days have passed and we have not received an order permitting the filing of McClure's petition for writ of mandamus.  Accordingly, we must dismiss McClure's petition.  *Id*.

---

[1] McClure thus asks us to rule on the merits of his request rather than compel Judge Keeling to make a decision.  We do not have jurisdiction to rule on the merits of McClure's request or to compel Judge Keeling to rule in a certain way.  *See State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987).

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007). *See also* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b); 51.208; § 51.941(a) (West 2013). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
       Justice Davis, and
       Justice Scoggins
Petition dismissed
Opinion delivered and filed February 27, 2014
[OT06]