

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-80,923-02

### In re RODERICK HARRIS, Relator

## ON MOTION FOR LEAVE TO FILE EMERGENCY APPLICATION FOR WRIT OF PROHIBITION AND EMERGENCY APPLICATION FOR WRIT OF PROHIBITION; REQUEST FOR INJUNCTION IN CAUSE NO. W09-00409-Y(A) IN CRIMINAL DISTRICT COURT NO. 7 DALLAS COUNTY

**ALCALA, J., filed a dissenting opinion in which JOHNSON, J., joined.**

### DISSENTING OPINION

I respectfully dissent from this Court's order that denies the motion for leave to file

an application for a writ of prohibition filed by Roderick Harris, relator. In his instant

pleadings, relator seeks to prohibit the trial-court judge from requiring his post-conviction

habeas counsel to turn over trial counsel's files to the State for the State to use in contesting

relator's ineffective-assistance-of-trial-counsel claims. Rather than deny leave to file, I

would file and set this application to determine whether relator is entitled to prohibition relief

under these circumstances.

There is no precedent from this Court that directly applies to the situation presented in this case. As a general matter, this Court has recently said that, for a relator to be entitled to mandamus or prohibition relief, the act sought to be compelled or prohibited must be purely ministerial. *In re McCann,* 422 S.W.3d 701, 704 (Tex. Crim. App. 2013). A "'ministerial' act is one which is accomplished without the exercise of discretion or judgment" and, "[i]f there is any discretion or judicial determination attendant to the act, it is not ministerial in nature." *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987). In this case, on the one hand, the habeas judge may have been properly exercising her reasonable discretion and judgment in ordering habeas counsel to produce only the portions of trial counsel's files relevant to relator's ineffective-assistance-of-counsel claims, in which case this situation would not be amenable to a writ of prohibition. On the other hand, it is not entirely clear that the habeas judge actually had the discretion to order discovery outside the items and methods enumerated in the capital habeas-corpus statute. *See* TEX. CODE CRIM. PROC. art. 11.071.

In a recent case in which little precedent existed governing the propriety of a trial judge's actions, this Court held that mandamus relief should not issue because "a mandamus proceeding is not the appropriate place to interpret statutory language, clarify this Court's precedent, or create law where there is none." *In re Allen*, 462 S.W.3d 47, 52-53 (Tex. Crim. App. 2015) ("If the law surrounding a court's action is unclear, mandamus relief may not issue despite how unwise we think the action may have been."). Nevertheless, we have also

recently stated that, if a trial judge lacks authority or jurisdiction to take a particular action, then the judge has a "ministerial duty to refrain from taking that action, to reject or overrule requests that he take such action, and to undo the action if he has already taken it." *In re Medina*, 475 S.W.3d 291, 298 (Tex. Crim. App. 2015) (citations omitted). Thus, even though the questions presented in this case appear to be matters of first impression, this Court could still grant relief if it were to find that the habeas judge had a ministerial duty to refrain from ordering habeas counsel to provide access to portions of trial counsel's file to the State. *See In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (explaining that an "issue of first impression can sometimes qualify" for extraordinary relief "when the factual scenario has never been precisely addressed but the principle of law has been clearly established"). In that event, prohibition would be appropriate only if the principle of law upon which relator relies is "positively commanded and so plainly prescribed under the law as to be free from doubt." *Medina*, 475 S.W.3d at 298 (citations omitted).

For the above reasons, I would file and set this matter to address relator's contention that he is entitled to prohibition relief under these circumstances. In light of the ubiquity of ineffective-assistance-of-counsel claims in habeas proceedings, and in light of the fact that such claims are often based on habeas counsel's review of the trial attorney's files, the situation presented here will almost certainly arise in many other cases, and it would be beneficial for this Court to clarify these issues. Because this Court instead denies relator leave to file, I respectfully dissent.

Filed: May 25, 2016

Publish