In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-18-00180-CR
_____

## IN RE JOHN F. HAWKINS

**Original Proceeding
163rd District Court of Orange County, Texas
Trial Cause No. B-30731-R**

## MEMORANDUM OPINION

John F. Hawkins filed a petition for mandamus relief through which he seeks to compel the trial court to rule on a motion for new trial Hawkins filed after his conviction was affirmed on appeal and after the trial court's plenary power over the case expired.[1] To obtain mandamus relief in a criminal case, the relator must show that he has a clear and indisputable right to the relief sought. *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003). Generally, the trial court has a

---

[1] *See generally Hawkins v. State*, No. 10-04-00234-CR, 2006 WL 300976, at *2 (Tex. App.—Waco Feb. 8, 2006, pet. ref'd) (mem. op., not designated for publication).

1

duty to rule on a properly and timely filed motion within a reasonable time. *See State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987). But a trial court "does not have a duty to rule on free-floating motions unrelated to currently pending actions. In fact, it has no jurisdiction to rule on a motion when it has no plenary jurisdiction coming from an associated case." *In re Cash*, No. 06-04-00045-CV, 2004 WL 769473, at *1 (Tex. App.—Texarkana Apr. 13, 2004, orig. proceeding) (mem. op.). "When a conviction has been affirmed on appeal and the mandate has issued, general jurisdiction is not restored in the trial court." *State v. Patrick*, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002). Hawkins cites no authority for the trial court to act when a motion for new trial is filed more than thirty days after the date on which the trial court imposes sentence in open court. *See* Tex. R. App. P. 21.4(a).

Hawkins has neither shown that he has a clear and indisputable right to have the trial court consider and rule upon his motion at this time, nor has Hawkins shown that he is presently entitled to mandamus relief from this Court. Accordingly, we deny the petition for writ of mandamus.

PETITION DENIED.

PER CURIAM

2

Submitted on May 22, 2018
Opinion Delivered May 23, 2018
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.