**Petition for Writ of Mandamus Denied and Memorandum Opinion filed August 2, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00564-CR

## IN RE TODD W. ALTSCHUL, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**23rd District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 23557**

## MEMORANDUM OPINION

On July 12, 2018, relator Todd W. Altschul filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Carolyn Marks Johnson, visiting judge of the 23rd District Court of Brazoria County, to set aside her June 14, 2018 order denying relator's motion for judgment nunc pro tunc.

Relator requests that we compel the trial court (1) to award him credit for presentence jail-time served; (2) change the reference in the judgment from "no" for notice of appeal to "yes" and award appeal-time credit from the date of sentencing on May 21, 2001, to the date the appellate mandate was issued on June 12, 1997; and (3) and modify the judgment to recite that his convicted offense was third degree rather than second degree.

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief the relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding). A ministerial act does not involve "the exercise of discretion or judgment. If there is any discretion or judicial determination attendant to the act, it is not ministerial in nature." *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding) (citation omitted).

It is relator's burden to provide a sufficient record to establish that he is entitled to relief. *See Walker v. Packer*, 827 S.W.2d 833, 839 Tex. 1992 (orig. proceeding). Relator failed to do so. For example, relator did not include in his mandamus record a file-stamped copy of his motion for judgment nunc pro tunc, showing the relief he requested from the trial court, or a copy of the judgment. *See* Tex. R. App. P. 52.3(k), 52.7(a).

Therefore, relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

2

PER CURIAM

Panel consists of Justices Boyce, Christopher, and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).