

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-90,073-01

### IN RE RANDALL GREENOUGH, Relator

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NOS. 22,719-2015; 22,720-2015; 22,721-2015; 23,424-2017; 23,425-2017 & 23,426-2017
### IN THE 402ND DISTRICT COURT
### FROM WOOD COUNTY

*Per curiam*.

## O P I N I O N

Relator filed a motion for leave to file an application for a writ of mandamus invoking the original jurisdiction of this Court and argued, among other things, that he filed motions to unseal and redact the trial transcript in his cases and that he had not received a response from the trial judge. Respondent, the Honorable J. Brad McCampbell, Judge of the 402nd District Court, has provided a supplemental response. *See In re Greenough*, No. WR-90,073-01 (Tex. Crim. App. Aug. 12, 2020) (not designated for publication). According to the Respondent, the Clerk's Record and Trial Transcript in these cause numbers were sealed by his predecessor, Relator has filed multiple motions

to unseal and redact these records, and those motions have not been ruled upon.

"[C]onsideration of a motion properly filed and before the court is ministerial." *State ex rel.*
*Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987). It is evident that Relator has no other
adequate remedy at law. We grant Relator leave to file and conditionally grant mandamus relief and
direct the Respondent to rule on Relator's pending motions to unseal and redact the records. The writ
of mandamus will issue only in the event the Respondent fails to comply within thirty days of the date
of this opinion.

Filed:   June 30, 2021
Do not publish