ACCEPTED
08-24-00378-CR
EIGHTH COURT OF APPEALS
EL PASO, TEXAS
10/29/2024 2:56 PM
ELIZABETH G. FLORES
CLERK

NO. 08-24-00378-CR

IN THE COURT OF APPEALS
FOR THE EIGHTH DISTRICT OF TEXAS

FILED IN
8th COURT OF APPEALS
EL PASO, TEXAS
10/29/2024 2:56:11 PM
ELIZABETH G. FLORES
Clerk

IN RE: THE STATE OF TEXAS,
Relator

**REAL PARTY IN INTEREST'S RESPONSE TO STATE'S PETITION FOR WRIT OF MANDAMUS**

/s/ Mark Stevens
MARK STEVENS
310 S. St. Mary's Street
Tower Life Building, Suite 1920
San Antonio, TX 78205
(210) 226-1433
State Bar No. 1918420
mark@markstevenslaw.com

/s/ Joe Aureliano Spencer, Jr.
JOE AURELIANO SPENCER JR.
1009 Montana Ave
El Paso, TX 79902-5411
(915) 532-5562
State Bar No. 18921800
joe@joespencerlaw.com

/s/ Felix Valenzuela
FELIX VALENZUELA
701 Magoffin
El Paso, Texas 79901
(915) 209-2719
State Bar No. 24076745
felix@valenzuela-law.com

Counsel for Real Party in Interest Patrick Crusius

# Table of Contents

Table of Contents.................................................................................................... ii

Table of Authorities ............................................................................................. iii

A.   The Only Issue Before This Court Is Whether Mandamus Is Appropriate to Correct the Trial Court's Finding That In re City of Lubbock Does Not Apply Retroactively to Pending Litigation............................................................................................. 2

B.   Because Relator Has Not Established a Right to Mandamus Relief, its Petition for of Mandamus Should be Dismissed. ............................................................................... 6

C.   *In re City of Lubbock* Is Not Retroactive and Does Not Invalidate Steps Previously Taken in the Pending, Underlying Criminal Case. ...................................................... 9

CONCLUSION...................................................................................................... 11

CERTIFICATION ................................................................................................. 13

# Table of Authorities

**Cases**

*Ake v. Oklahoma*, 470 U.S. 68 (1985) .................................................................................... 2

*Ex parte Abell*, 613 S.W.2d 255 (Tex. 1981) ................................................... 3, 4, 5, 8, 10

*Hunter Indus. Facilities, Inc. v. Tex. Nat. Res. Conservation Comm'n*, 910 S.W.2d 96 (Tex.
    App.—Austin 1995, writ denied) ............................................................................... 5, 8

*Hunter Indus. Facilities, Inc.*, 910 S.W.2d at 110 n.15 ........................................................ 10

*In re City of Lubbock*, 666 S.W.3d 546 (Tex. Crim. App. 2023) .................................... 2, 6

*In re State ex rel. Tharp*, No. WR–86,409–01, 2017 WL 4160990 (Tex. Crim. App. Sept.
    20, 2017) (unpublished) ................................................................................................ 8

*In re State ex rel. Weeks*, 391 S.W.3d 117 (Tex. Crim. App. 2013) .................................. 7

*In re Univ. of Tex. Med. Branch-Galveston*, 677 S.W.3d 696 (Tex. Crim. App. 2023) ..... 8

*State ex rel. Curry v. Gray*, 726 S.W.2d 125 (Tex. Crim. App. 1987) .............................. 7

*State ex rel. Hill v. Ct. of Appeals for Fifth Dist.*, 34 S.W.3d 924 (Tex. Crim. App. 2001) 7

*State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207 (Tex.
    Crim. App. 2007) .......................................................................................................... 7

*State ex. Rel Healey v. McMeans*, 884 S.W.2d 772 (Tex. Crim. App. 1994) ................. 7, 9

*Tex. Dep't of Corr. v. Dalehite*, 623 S.W.2d 420 (Tex. Crim. App. 1981) .................... 7, 9

*Williams v. State*, 958 S.W.2d 186 (Tex. Crim. App. 1997) .............................................. 2

**Statutes**

Tex. Gov't Code § 22.221(a) ............................................................................................... 6

TO THE HONORABLE JUDGES OF THE COURT OF APPEALS FOR THE EIGHTH DISTRICT OF TEXAS:

On October 28, 2024, Relator State of Texas ("Relator") filed a Petition for Writ of Mandamus and an Emergency Motion for a Stay of Trial Court Proceedings. The purpose of the Petition and Motion is ostensibly to obtain the retroactive enforcement of a February 8, 2023, opinion of the Court of Criminal Appeals ("CCA"), but Relator is seeking extraordinary relief from this Court meant only to be granted where a right to that relief is clear, despite not being able to point to a single case that would entitle it to that relief. Mandamus relief is plainly inappropriate in these circumstances.

Without any clear right to mandamus relief on this issue, Relator's filings, taken together, should be understood as an attempt to obtain what it was rightly denied by the trial court at an October 24, 2024, hearing: a continuance of a hearing beginning on October 31, 2024, concerning discovery of information related to vast, meticulously-documented misconduct committed by Relator throughout the five-plus years its case against Real Party in Interest Patrick Crusius has been pending. *See* Ex. A, Defense Motion for Discovery and Sanctions; *see also* Real Party in Interest's Response to State's Emergency Motion for a Stay of Trial Court Proceedings Pursuant to Tex. R. App. P. 52.10 (describing how the State used both this Petition and its Motion as a way to obtain a backdoor continuance of the October 31 hearing).

Relator's request to retroactively unseal the contested *ex parte* motions and orders through a writ of mandamus should therefore be denied.

1

**A. The Only Issue Before This Court Is Whether Mandamus Is Appropriate to Correct the Trial Court's Finding That In re City of Lubbock[1] Does Not Apply Retroactively to Pending Litigation.**

On October 18, 2024, Relator filed two motions responding to the Motion for Discovery and Sanctions, *See Ex.* A, filed by Patrick Crusius on September 9, 2024. In a Motion to Unseal,[2] Relator sought discovery of certain documents pertaining to all non-expert-related *ex parte* motions filed by the defense and the corresponding *ex parte* orders issued by the trial court. *See* Ex. B. Relator also filed a Motion for Continuance,[3] seeking a continuance of a October 31, 2024, hearing concerning discovery of documents related to Relator's pervasive prosecutorial misconduct since the inception of the underlying criminal case. *See* Ex. C.

Relator's position concerning the unsealing of non-*Ake ex parte*, orders relied on *In re City of Lubbock*, in which the CCA held that *ex parte* orders cannot be issued unless expressly authorized, either by statute or by *Ake v. Oklahoma*[4] and *Williams v. State*,[5] which state that due process entitles an indigent defendant to have experts appointed *ex parte*. *In re City of Lubbock*, 666 S.W.3d 546, 558–59, 566 (Tex. Crim. App. 2023). In its Motion to Unseal, Relator argued that all non-*Ake ex parte* motions since the inception of the case were "void" and must be unsealed, implicitly arguing that *In re City of Lubbock* should apply retroactively, since the opinion was issued on February 8, 2023, and Mr.

---

[1] 666 S.W.3d 546 (Tex. Crim. App. 2023).
[2] This references the State's Motion to Unseal All Non-*Ake Ex Parte* Motions, Orders, and Contents, which is attached as Exhibit B.
[3] This references the State's Motion for Continuance, which is attached as Exhibit C.
[4] 470 U.S. 68 (1985).
[5] 958 S.W.2d 186 (Tex. Crim. App. 1997).

Crusius was arrested on August 3, 2019. *See* Ex. B at 5–6. Relator cited no case law to support its argument that *In re City of Lubbock* applied  Relator sought a continuance of the October 31, 2024, hearing on discovery of items related to its misconduct because it argued that two of the many issues to be discussed at that hearing involved "void" orders, and that it would need time to go through "hundreds of sealed orders that may be void." *Id.* at 6; Ex. C at 2.

In his Response,[6] Mr. Crusius noted that under Texas law, "when no vested substantive right has been impaired but only [a] procedure or remedy has been changed . . . the change will not affect or invalidate steps previously taken in pending litigation . . . ." Ex. D at 2–3 (quoting *Ex parte Abell*, 613 S.W.2d 255, 260 (Tex. 1981)). Accordingly, *In re City of Lubbock* applied to only the 18 *ex parte* motions filed and corresponding orders issued in the case since February 8, 2024. *Id.* at 2, 2 n.4. Fourteen of them were clearly properly filed and issued *ex parte* under *Ake*—thirteen related to expert appointments while another pertained to confidential expert issues. *Id.* at 2 n.4. However, four of them were arguably not authorized to be filed *ex parte* under the terms of *In re City of Lubbock*. *Id.* at 4. Those were as follows:

1. Motion for Provision of Personal Items (a writing instrument and eyeglasses), order issued on June 23, 2023;

2. Motion to Comply with Judicial Order [of June 23, 2023], order issued on July 25, 2023;

3. Motion for Transcription, order issued on October 2, 2024;

---

[6] This references Mr. Crusius's Response to State's Motion to Unseal Non-*Ake Ex Parte* Motions, Orders, and Contents, and Its Motion for a Continuance, which is attached as Exhibit D.

4. Motion for Medical Examination, order issued on October 13, 2023.

*Id.* Mr. Crusius noted that these motions and orders did not impact the substance of the court's October 31 hearing, but even so, the documents totaled 22 pages, so a continuance of that hearing was unnecessary and should be denied. *Id.* at 2–10. Shortly before the hearing on the motions, Relator filed an Objection,[7] which functioned as both a reply to Mr. Crusius's Response and an objection to trial court conducting *ex parte* proceedings going forward. *See* Ex. E.

At the October 24 hearing, Relator argued as it had in its motion that *In re City of Lubbock* applied to all of the *ex parte* proceedings in Mr. Crusius's case, not just the proceedings that occurred after the opinion was issued. 1 MHRR 14–15.[8] Relator again pointed to no case law supporting its position that *In re City of Lubbock* should apply retroactively. *See id.* at 23 (indicating that Relator "didn't point to any case law at all that [] supports their argument of retroactivity").

Without conceding that the four motions and orders discussed in its Response were improperly litigated *ex parte*, the defense provided the Court with two cases—highlighted in the Response—that indicated that that *In re City of Lubbock* should not apply retroactively to orders in pending litigation. *See id.*; *Abell*, 613 S.W.2d at 260 (stating that "when no vested substantive right has been impaired but only [a] procedure or remedy has

---

[7] This references the State's Objections to Ex Parte Proceedings and the Entry of Ex Parte Orders Not Expressly Authorized by Law, which is attached as Exhibit E.

[8] The reporter's record for the motions hearing ("MHRR") will be cited as # MHRR *, where # is the volume number and * is the page number. The reporter's record was attached to Relator's Petition for Writ of Mandamus.

been changed . . . the change will not affect or invalidate steps previously taken in pending litigation, but all subsequent proceedings will be governed by the new statute or rule as of its effective date, provided a reasonable time is afforded in which to act upon the new law"); *Hunter Indus. Facilities, Inc. v. Tex. Nat. Res. Conservation Comm'n*, 910 S.W.2d 96, 110 n.15 (Tex. App.—Austin 1995, writ denied) (describing the rule in *Abell* to be that a "procedural change in law cannot be used to invalidate steps previously taken in pending litigation, but will apply to any subsequent proceedings after effective date") (citing *Abell*, 613 S.W.2d at 260).

The trial court granted the State's Motion to Unseal in part. 1 MHRR 32. Real Party in Interest filed a response, revealing four motions and corresponding orders that were thereby rendered moot as to the *ex parte* designation. However, the court found that *In re City of Lubbock*'s holding was not retroactive and therefore did not unseal any *ex parte* motions that were filed or *ex parte* orders that were issued prior to February 8, 2023. *Id.* The court also granted Relator's Objection insofar as it barred the court from considering non–*Ake* motions *ex parte* in the future. *Id.* at 32–33.

Relator confirmed during the hearing that its request for a continuance was based on the need to review many, many pages of documents. *Id.* at 33. Because the four unsealed motions and orders totaled only 22 pages, Relator's request for a continuance of the October 31 hearing was denied. *See id.*

Because of the narrow grounds on which the trial court denied, in part, the State's Motion to Unseal, the question before this Court is similarly narrow: whether *In re City of Lubbock* applies retroactively to change or invalidate prior steps taken in the litigation of

5

the underlying criminal case. Neither the application of *In re City of Lubbock* to the non-expert-related *ex parte* orders issued since that opinion nor the propriety of holding *ex parte* proceedings concerning non-expert-related motion are issues before this Court, because the trial court ruled in favor of Relator on both issues. Accordingly, the only issues before this Court are whether Relator has met the high bar to obtain mandamus relief, and only if it has, whether *In re City of Lubbock* applies retroactively. Relator's arguments fail on both counts.

### B. Because Relator Has Not Established a Right to Mandamus Relief, its Petition for Writ of Mandamus Should be Dismissed.

The question this Court must answer is not simply whether *In re City of Lubbock* replies retroactively in the underlying criminal proceeding, but whether Relator has demonstrated that it is entitled to such a holding in an original mandamus proceeding. Relator has not come close to meeting its burden and this Court should not reach the merits of Realtor's claim and dismiss the Writ of Mandamus for want of jurisdiction.

This Court may issue a writ of mandamus to a district court if doing so is necessary to enforce its jurisdiction. Tex. Gov't Code § 22.221(a). A court may only issue mandamus relief if the relator demonstrates 1) that they have no other adequate remedy at law, and 2) that the act they seek to be enforced in the district court is purely ministerial, not an act involving a discretionary judicial decision. *In re City of Lubbock*, 666 S.W.3d at 553. An act is considered ministerial "if it constitutes a duty clearly fixed and *required* by law." *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (emphasis added).

6

In order to meet the ministerial act requirement, the relator must "show a clear right to the relief sought." *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013). Such a showing is only made "when the facts and circumstances dictate but one rational decision under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *State ex rel. Young v. Sixth Jud. Dist. Ct. of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (quotations omitted); *see also Tex. Dep't of Corr. v. Dalehite*, 623 S.W.2d 420, 424 (Tex. Crim. App. 1981) ("An act is said to be ministerial where the law clearly spells out the duty to be performed by an official and does so with such certainty that nothing is left to the exercise of discretion or judgment."); *State ex rel. Hill v. Ct. of Appeals for Fifth Dist.*, 34 S.W.3d 924, 928 (Tex. Crim. App. 2001) ("The act must be positively commanded and so plainly prescribed under the law as to be free from doubt.") (quotations omitted). In other words, mandamus relief is only appropriate "to correct judicial action *that is clearly contrary to well-settled law*, whether that law is derived from a statute, rule, or opinion of a court." *State ex. Rel Healey v. McMeans*, 884 S.W.2d 772, 774 (Tex. Crim. App. 1994) (emphasis in original).

Relator's request for mandamus relief should be denied because it has yet to point to a single case demonstrating that *In re City of Lubbock* is retroactive and invalidates past actions taken in pending litigation, either in its motions before the trial court or in its Petition to this Court. In its argument concerning the appropriate application of *In re City of Lubbock*, Relator substantively cites only two cases: *In re City of Lubbock* itself, and *In*

7

*re Univ. of Tex. Med. Branch-Galveston*, 677 S.W.3d 696 (Tex. Crim. App. 2023), which does not address retroactivity. *See* Petition at 7–16.

While Relator cannot point to a single case supporting the retroactivity of *In re City of Lubbock*, the CCA has previously found an act not to be ministerial—and thus denied relief—even where "several courts of appeals' opinion" supported the relator's argument, because this was not enough to "express a well-settled and clear legal principle sufficient to establish a ministerial act for mandamus purposes." *In re State ex rel. Tharp*, No. WR– 86,409–01, 2017 WL 4160990, at *4 (Tex. Crim. App. Sept. 20, 2017) (unpublished). Here, Relator certainly cannot establish that the trial court failed to complete a ministerial act if it cannot show even one piece of decisional law to which the trial court's decision was contrary. In fact, the current case law supports Mr. Crusius's argument that *In re City of Lubbock* does not apply retroactively. *See Abell*, 613 S.W.2d at 260; *Hunter Indus. Facilities, Inc.*, 910 S.W.2d at 110 n.15.

Because Relator cannot point to a single case to support the retroactivity of *In re City of Lubbock*, Relator also argues that *In re City of Lubbock* did not create a new rule and therefore is not subject to a retroactivity analysis because it was based on an interpretation of professional rules and norms. *See* Petition at 15–16. Relator does this despite relying heavily, and nearly exclusively, on *In re City of Lubbock* to make its argument, suggesting that *In re City of Lubbock* did in fact announce distinct new procedures for trial courts to follow. Regardless, the fact that professional rules and norms, like the ones cited by Relator, are "long-standing" does not mean Relator's or the CCA's *interpretation* of those rules was similarly grounded in law. Texas law does not require

8

trial courts to anticipate the eventual interpretations of statutes and rules by the CCA; indeed, the mandamus standard demands appellate courts reject this standard in original proceedings. *See Healey*, 884 S.W.2d at 774 (indicating that Relator can only prevail upon showing that the trial court's decision was "clearly contrary to well-settled law").

This Court must only grant mandamus relief if "the law clearly spells out" that the *ex parte* motions and orders prior to February 8, 2023, must be unsealed and that it "does so with such certainty that nothing is left to the exercise of discretion or judgment." *See Dalehite*, 623 S.W.2d at 424. Because Relator clearly cannot come close to making this showing, and indeed cannot even provide a case supporting its position, Relator's request for mandamus relief must fail and this Court should not review the merits of the underlying issue presented in Realtor's Petition for Writ of Mandamus.

### C. *In re City of Lubbock* Is Not Retroactive and Does Not Invalidate Steps Previously Taken in the Pending, Underlying Criminal Case.

Even if this Court finds that Relator has met its burden for mandamus relief, Relator's argument that *In re City of Lubbock* applies retroactively is without merit. Relator's argument is belied by the fact that the courts of this State have held that the exact opposite is true when a change in law is procedural. In *Ex parte Abell*, the Texas Supreme Court stated that that "when no vested substantive right has been impaired but only [a] procedure or remedy has been changed . . . the change will not affect or invalidate steps previously taken in pending litigation, but all subsequent proceedings will be governed by the new statute or rule as of its effective date, provided a reasonable time is afforded in which to act upon the new law." *Abell*, 613 S.W.2d at 260. In other words, a "procedural

9

change in law cannot be used to invalidate steps previously taken in pending litigation, but will apply to any subsequent proceedings after [the] effective date." *Hunter Indus. Facilities, Inc.*, 910 S.W.2d at 110 n.15 (citing *Abell*, 613 S.W.2d at 260).

The change in law at issue—announced in *In re City of Lubbock*—is clearly procedural in that it addresses when *ex parte* proceedings are appropriate. Therefore, this case involves a very straightforward application of *Abell*: the change of law upon which the State relies is procedural and applies only after *In re City of Lubbock*'s effective date of February 8, 2023. The trial court was correct to unseal only those motions and orders it believed were affected by the holding of *In re City of Lubbock* after that opinion was issued.

Just like in its motions and in the October 24 hearing, Relator can point to no case law supporting its position that *In re City of Lubbock* applies retroactively. Indeed, Relator cited only two cases, neither of which touched on the retroactivity of *In re City of Lubbock*. *See* Section B, *supra*.

Instead, Relator argues that *In re City of Lubbock* applies to the prior *ex parte* motions and orders in the underlying case because it was an interpretation of previously established law, rather than new law itself. *See* Petition at 5–16. Therefore, Relator argues, *ex parte* proceedings conducted prior to the opinion being issued are affected by it as well. Setting aside the fact that Relator cited *In re City of Lubbock* almost exclusively for this supposedly long-standing principle—rather than new interpretation of a long-standing principle—every judicial opinion is in some way based on what came before it. What is relevant is whether the interpretation of that prior law was previously so well-established that the law did not "change." The fact that Relator relies so heavily on *In re City of*

10

*Lubbock,* rather than any opinion that comes before it, to argue that it is entitled to a remedy demonstrates that *In re City of Lubbock* itself created distinct, specific procedures that were not previously clearly defined.

At its core, *In re City of Lubbock* tweaks, and restricts, the availability of *ex parte* procedures for the defense. Under established state law, which Relator has not contradicted, its holding does not apply retroactively to pending litigation.

## CONCLUSION

For the foregoing reasons, Relator is not entitled to mandamus relief, because the trial court did not have a ministerial duty to find that *In re City of Lubbock* applied retroactively to the criminal proceedings and to unseal certain *ex parte* motions filed and orders issued prior to its effective date.

Respectfully submitted,


/s/ Mark Stevens
MARK STEVENS
310 S. St. Mary's Street
Tower Life Building, Suite 1920
San Antonio, TX 78205
(210) 226-1433
State Bar No. 1918420
mark@markstevenslaw.com

/s/ Joe Aureliano Spencer, Jr.
JOE AURELIANO SPENCER JR.
1009 Montana Ave
El Paso, TX 79902-5411
(915) 532-5562
State Bar No. 18921800
joe@joespencerlaw.com

/s/ Felix Valenzuela
FELIX VALENZUELA
701 Magoffin
El Paso, Texas 79901
(915) 209-2719
State Bar No. 24076745
felix@valenzuela-law.com

Counsel for Real Party in Interest Patrick
Crusius

## CERTIFICATION

I hereby certify that I have reviewed this Real Party in Interest's Response to Relator's Petition for Writ of Mandamus and conclude that every factual statement in the petition is supported by competent evidence included in the appendix or record.

/s/ Mark Stevens
Mark Stevens

## CERTIFICATE OF SERVICE

I certify that this Real Party in Interest's Response to Relator's Petition for Writ of Mandamus has been electronically delivered to the El Paso County District Attorney's Office, on this the 29th day of October, 2024.

/s/ Felix Valenzuela
Felix Valenzuela

1

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Felix Valenzuela
Bar No. 24076745
felix@valenzuela-law.com
Envelope ID: 93706863
Filing Code Description: Response
Filing Description: Response to Petition for Mandamus
Status as of 10/29/2024 3:06 PM MST

Associated Case Party: The State of Texas--34th Judicial District

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Lily Stroud | | daappeals@epcounty.com | 10/29/2024 2:56:11 PM | SENT |

Associated Case Party: SamMedrano

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Sam Medrano | | 409dcefile@epcounty.com | 10/29/2024 2:56:11 PM | SENT |
| Sam Medrano | | aragomez@epcounty.com | 10/29/2024 2:56:11 PM | SENT |
| Sam Medrano | | smedrano@epcounty.com | 10/29/2024 2:56:11 PM | SENT |

Associated Case Party: PatrickWoodCrusius

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Mark Stevens | | mark@markstevenslaw.com | 10/29/2024 2:56:11 PM | SENT |
| Joe AurelianoSpencer | | joe@joespencerlaw.com | 10/29/2024 2:56:11 PM | SENT |
| Felix Valenzuela | | felix@valenzuela-law.com | 10/29/2024 2:56:11 PM | SENT |