In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00176-CR**

_____


**IN RE BRANDON LOUIS BASS**

_____

**Original Proceeding**
**252nd District Court of Jefferson County, Texas**
**Trial Cause No. 90209**

_____

**MEMORANDUM OPINION**

Brandon Louis Bass filed a petition for mandamus relief through which he

seeks to compel the convicting court to rule on a motion to grant permission to appeal

after the expiration of the trial court's plenary power over the case.[1] To obtain

mandamus relief in a criminal case, the relator must show that he has a clear and

indisputable right to the relief sought. *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194,

---

[1] We dismissed Bass's appeal in 2004. *See generally Bass v. State*, No. 09-04-075-CR, 2004 WL 584698, at *1 (Tex. App.—Beaumont Mar. 25, 2004, no pet.) (mem. op., not designated for publication). Bass does not suggest that the Texas Court of Criminal Appeals has granted habeas relief.

1

198 (Tex. Crim. App. 2003). Generally, the trial court has a duty to rule on a properly and timely filed motion within a reasonable time. *See State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987). But a trial court "does not have a duty to rule on free-floating motions unrelated to currently pending actions. In fact, it has no jurisdiction to rule on a motion when it has no plenary jurisdiction coming from an associated case." *In re Cash*, No. 06-04-00045-CV, 2004 WL 769473, at *1 (Tex. App.—Texarkana Apr. 13, 2004, orig. proceeding) (mem. op.). Bass cites no authority for the trial court to act on a motion to grant permission to appeal at this time.

Bass has neither shown that he has a clear and indisputable right to have the trial court consider and rule upon his motion at this time, nor has Bass shown that he is presently entitled to mandamus relief from this Court. Accordingly, we deny the petition for writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on May 22, 2018
Opinion Delivered May 23, 2018
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

2