**Opinion issued January 14, 2020**



In The

# Court of Appeals

### For The

# First District of Texas

———————————

### NO. 01-19-00860-CR

———————————

### IN RE JONATHAN ABRAM, Relator

———————————

### Original Proceeding on Petition for Writ of Mandamus

———————————

### MEMORANDUM OPINION

Relator, Jonathan Abram, seeks mandamus relief in connection with the appointment of new counsel in the trial court.[1]

### Discussion

A relator in a mandamus proceeding must show that (1) he has no adequate remedy at law and (2) what he seeks to compel is a ministerial act that does not

---

[1] The underlying case is *The State of Texas v. Jonathan Abram*, cause number 1572078, pending in the 178th District Court of Harris County, Texas, the Honorable Kelli Johnson presiding.

involve a discretionary or judicial decision. *In re Lozano*, No. 14-12-00049, 2012 WL 274076, at *1 (Tex. App.—Houston [14th Dist.] Jan. 31, 2012, orig. proceeding) (per curiam) (citing *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding)). "Consideration of a request or motion that is properly filed and before the court is a ministerial act." *Id.* (citing *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding)).

To receive mandamus relief, a relator must show that "the trial court received, was aware of, and asked to rule on the motion." *Id.* (citing *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding)). Further, the petition for mandamus must be accompanied with an appendix that includes, among other things, "a certified or sworn copy of the document showing the matter complained of." TEX. R. APP. P. 52.3(k); *Villarreal*, 96 S.W.3d at 710 (identifying four mandamus requirements: court's legal duty to perform non-discretionary act, asking of court to perform act, failure of court to do so, and inclusion of appendix with petition).

Relator has not shown that he moved for relief in the trial court or that the trial court refused to rule on his motion.[2] Moreover, relator has not shown he has

---

[2] Even if the court had received such a request, it would have no duty to rule on it. "[A] trial court has no duty to search for counsel agreeable to an indigent defendant." *In re Aitch*, No. 01-03-01185-CR, 2003 WL 22862682, at *1 (Tex.

2

no adequate remedy by appeal. "If relator is contending that his appointed counsel is rendering ineffective assistance, trial counsel's performance is a matter that may be addressed on direct appeal if adequately supported by the record." *In re Aitch*, No. 01-03-01185-CR, 2003 WL 22862682, at *1 (Tex. App.—Houston [1st Dist.] Dec. 4, 2003, orig. proceeding) (per curiam) (citing *Bone v. State*, 77 S.W.3d 828 (Tex. Crim. App. 2002)). Relator also failed to attach an appendix to his petition.

We deny relator's petition for writ of mandamus. All pending motions filed in connection with this original proceeding are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Lloyd, Kelly, and Countiss.

Do not publish.   TEX. R. APP. P. 47.2(b).

---

App.—Houston [1st Dist.] Dec. 4, 2003, orig. proceeding) (citing *Buntion v. Harmon*, 827 S.W.2d 945, 949 (Tex. Crim. App. 1992); *Solis v. State,* 792 S.W.2d 95, 100 (Tex. Crim. App. 1990)).