

# IN THE
# TENTH COURT OF APPEALS

## No. 10-21-00189-CR

## IN RE TITO CASTRO

### Original Proceeding

### From the 66th District Court
### Hill County, Texas
### Trial Court No. F068-18

## MEMORANDUM OPINION

Tito Castro sent what can best be described as a brief which was received by the Court on July 14, 2021. No appeal related to the brief has been, or is now, pending on the Court's docket.

The Court, sua sponte, inquired of the trial court clerk and obtained a copy of the trial court's judgment and plea papers for a judgment entered and signed on August 28, 2018. The judgment evidenced a conviction for the first-degree felony offense of "Possession of Controlled Substance PG1>1G<4G" [penalty group 1, greater than 1 gram, less than 4 grams], with two enhancements. It also reflects that Castro pled guilty to the enhancements and the charged offense and was sentenced to 40 years in prison. The plea papers, consisting of 9 pages, were signed by Castro in eight separate places. One of the waivers in the plea papers was a waiver of the right to appeal; nevertheless, the certification of right to appeal indicates that "the defendant has waived the right of appeal *as to guilt*." The italicized provision is handwritten on what is otherwise a printed form.

In the document, Castro refers to himself as an appellant but also refers to the 66th District Court of Hill County as the "respondent." Throughout the document, Castro consistently criticizes Judge Harris for failing to rule on Castro's post-trial "Motion for an Out of Time Time Reduction or Modification of Original Plea Bargain Agreement." He repeatedly asserts that this motion was necessary after he was promised a twenty-year sentence if he pled guilty but received a forty-year sentence, instead. He also requests that this Court order Judge Harris to grant Castro the relief he requests.

After a careful review of the document presented, and based on the fact that we did not have an appeal pending in this court related to this conviction, we have determined that Castro seeks a mandamus against the Honorable Lee Harris, Judge of the 66th District Court of Hill County. As a petition for writ of mandamus, there are procedural problems with the document, such as no service on the trial court judge, as the respondent, and no service on the State, as the real-party-in-interest, no certification, no record, and no certified or sworn-to copy of the order or orders complained of as required by the Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.5, 52.3(j), (k)(1)(A), and 52.7. However, to expedite this decision, we use Rule 2 to suspend the operation of these rules. TEX. R. APP. P. 2.

Mandamus is an extraordinary remedy and is warranted only when the trial court clearly abused its discretion and the relator has no other adequate remedy. *In re Murrin Bros. 1885, Ltd.*, 603 S.W.3d 53, 56-57 (Tex. 2019) (orig. proceeding). Castro has the burden to prove both of these requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). Based on what is before us, Castro has not met his burden.

The trial court's duty to rule on a party's motion generally does not arise until the movant has brought the motion to the court's attention. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Mandamus will not lie unless the movant establishes that he has done so and that the trial court then fails or refuses to rule within a reasonable time. *Id*. Castro

has not provided this Court with a copy of the motion he contends was not ruled on by the trial court and provides no information regarding when it might have been filed or brought to the trial court's attention. Even if the motion had been presented to the trial court, we cannot compel the trial court to rule on Castro's motion in a particular way as Castro requested. *See State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987).

Accordingly, Castro's petition for a writ of mandamus to compel the trial court to rule on Castro's "Motion for an Out of Time Time Reduction or Modification of Original Plea Bargain Agreement." is denied.[1]

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Rose[2]
Mandamus denied
Opinion delivered and filed August 11, 2021
Do not publish
[OT06]



---

[1] Castro also asks that we reverse his conviction and remand for a new punishment. Should Castro decide we misconstrued the purpose of his "brief," and intends the document we received to be a notice of appeal, it is far too late to invoke this Court's jurisdiction. Any appeal now would be dismissed for want of jurisdiction.

[2] The Honorable Jeff Rose, Former Chief Justice of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* Tex. Gov't Code §§ 74.003, 75.002, 75.003.